ELIAS LAWRENCE, Plaintiff in Error, *v.* WALTER A. MANGUM, Defendant in Error.

1. STATUTE OF LIMITATIONS.—An acknowledgment by a debtor, that there is an unascertained balance due by him to the creditor, on a certain transaction, is not sufficient to save the bar of the Statute of Limitations.

2. SAME.—In order to save a debt from the bar of the Statute of Limitations, without a written promise, the very claim sued on must be presented to the debtor and acknowledged by him to be due and unpaid; an acknowledgment that there will be a balance due on settlement, without specifying the amount, is not sufficient.

IN error from the Circuit Court of Tallahatchie county.   Hon. William L. Harris, judge.

On the 20th day of November, A. D.1854, the defendant in error, who was plaintiff below, commenced his action of *assumpsit*, in the Circuit Court of Tallahatchie county, against Elias Lawrence,

administrator of Richard Coleman, upon an open account for $1500, for money advanced in 1845, which sum was reduced by credits allowed on the account, to $610.

The defendant pleaded *non assumpsit*, payment, and the Statute of Limitations; and upon these pleas issue was taken and the cause submitted to a jury, who returned a verdict against the defendant in the court below, for $557.14.

A motion was made for a new trial by the defendant, because the jury found against law and evidence, and for error, in the instructions given and refused by the court. This motion was overruled, and a bill of exceptions taken to this action of the court

On the trial in the Circuit Court, the plaintiff introduced A. W. Davis, who stated, in substance, that he was the brother-in-law of defendant's intestate, Coleman: That in 1853, the said Coleman told witness he was indebted to Mangum, as follows: that in 1839 or 1840, Mangum had advanced for him the sum of $1500: that he, Coleman, had afterwards transferred to Mangum a number of claims, to pay said $1500, some of which had not been collected, and that he still owed plaintiff a balance. That in the summer of 1853, witness and Coleman went to the house of plaintiff, who was then sick, for the purpose of settling this matter; but that Mangum not being as sick as they expected, no settlement was made, nor was any attempt made to settle. The matter was postponed until plaintiff got well. Coleman, at that time, acknowledged that he was indebted to Mangum on that account, but that no papers were produced, nor was the amount of the balance due by Coleman mentioned. Witness was shown a list of claims, amounting in all to $1557.68, which list was in the handwriting of Coleman. He remembered that some of the claims mentioned in the list were spoken of by Coleman, as having been transferred to plaintiff: that the claims, as he learned from Coleman, were given as collateral security for the $1500 debt: that Coleman had told him, that one of the claims in the list (the one on Meek) was reduced from $333.72 to $220.33, and that he, Coleman, would have to lose it.

Peter B. Daniel, for plaintiff, testified that he was one of the debtors of Coleman, whose debt had been transferred to Mangum,

and that he had paid $150 of it to Coleman, and the balance to an officer; that he had never paid Mangum anything.

A due bill of Mangum to Coleman, for $57.74, payable "when collected *out of the notes and claims*, which Coleman handed me in exchange of his debt to me, dated 12th February, 1845," was introduced as evidence by defendant, and also an indorsement on it, as follows: "Rec'd, March 9, 1846, of P. B. Daniel, fifty dollars, in part of the within note. R. Coleman."

This was all the evidence. It is unnecessary to set out the instructions of the court below, as they are not noticed in the opinion of the court.

*D. Shelton*, for plaintiff in error, made the following points:—

1. There was no presentment of the claim, as required by the statute. Hutch. Code, 832.

2. There was no acknowledgment that the claim sued on was due and unpaid. 5 S. & M. 564; 11 Ib. 419.

*W. Brooke*, for defendant in error.

FISHER, J., delivered the opinion of the court.

The defendant in error brought a suit against the plaintiff in error, as administrator of the estate of Richard Coleman, deceased, in the Circuit Court of Tallahatchie county.

The Statute of Limitations was relied on as a defence, and a subsequent promise or acknowledgment of the justice of the debt by the intestate in his lifetime, was relied on by the plaintiff below to take the case out of the operation of the statute.

It will be sufficient, without noticing specially the instructions of the court below, to notice the testimony of the plaintiff below. It in few words amounts to this: Coleman, in 1839, or 1840, was indebted to the plaintiff in the sum of $1500. Certain claims were transferred in payment, or for the purpose of securing this debt. Perhaps the proof would justify the belief that they were taken only as collateral security. The plaintiff failed to collect, according to the proof, part of these claims. Coleman, in 1853, went to the house of the plaintiff, who was at the time sick, for the purpose of making a settlement, and admitted that he owed

the plaintiff a balance on account of the above transaction. No sum constituting this balance, was named, nor was any note or account at the time exhibited to Coleman.

It is almost impossible to mistake the meaning of the statute on this subject. The promise must either be in writing, and signed by the party to be charged, or the *very* claim sued on, must, upon a presentation of it to the debtor, be by him *acknowledged to be due and unpaid.* Hutch. Code, 832, § 16.

The question is, was this "*very claim*" presented to Coleman, and did he acknowledge it to be *due and unpaid?* There is no such proof in the record. He might very well have admitted that he owed the plaintiff a balance, which balance he, the debtor, was ready to ascertain according to his own views of the transaction, and at the same time have refused to admit the correctness of a balance, as ascertained by the plaintiff. Has the plaintiff recovered a verdict for the *very debt* which Coleman admitted to be due and unpaid? No such conclusion can be deduced from the testimony. He admitted no specified amount to be due; and a recovery can be had for no greater sum than was covered by his admission.

Judgment reversed, and new trial granted.