MASK and HARRISON *v.* GEORGE PHILLER.

STATUTE OF LIMITATIONS: PROMISE TO SAVE THE BAR.—An acknowledgment by the debtor of an indefinite balance due on the claim, will not save the bar of the Statute of Limitations as to any amount whatever.

IN error from the Circuit Court of Tishomingo county. Hon. P. T. Scruggs, judge.

*Rives* and *Arnold,* for plaintiffs in error.

*O. Davis*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This was an action upon an open account, to which the defendants, among other things, pleaded the Statute of Limitations, and the plaintiff replied a new promise.

The evidence was in substance, that the account was presented to the defendant, Harrison, in 1853, who stated that "he thought it had all been paid, but a small amount"—that "he did not know exactly how the matter stood, as his co-partner Mask had had the management of it and held the receipts; but that he did not think there was more than a few dollars due on it,"—that in the same year, it was presented to the defendant, Mask; who stated that he had receipts against the claim, which were at his house and that he had not time then to go and get them, but that he would bring them to the witness; which he failed to do. It was further stated by the witness, that Harrison did not admit that any particular sum was due, and that Mask did not acknowledge any part of the account to be unpaid.

The verdict and judgment were for the plaintiff for ninety-two dollars and twenty-two cents, the full amount claimed.

There is no pretence that the statements of Mask were sufficient to prevent the bar of the statute; and the new promise relied on must, therefore, depend upon the acknowledgments of Harrison.

It appears that he made no admission that any particular sum was due. He thought that all of the account had been paid but a small amount, but did not know exactly how the matter stood, and did not think that there was more than a few dollars due, but did not admit any particular sum to be due.

Under the rule prevailing before the passage of the act of 1844, these statements would be insufficient to establish a new promise to pay the debt, because the amount admitted to be due is wholly uncertain; and it could not with any reason be said that an admission that a small but indefinite amount of an account was due, was an acknowledgment that the whole amount claimed or any amount which the plaintiff might be able to prove by other evidence to be due, was due and unpaid. *Bell* v. *Morrison*, 1 Peters, 351;

*Sutton* v. *Burrus,* 9 Leigh, 381 ; *Aylett* v. *Robinson,* Ib. 45 ; *Smallwood* v. *Smallwood,* 2 Dev. & Batt. 330 ; *Magee* v. *Magee,* 10 Watts, 172.

The most that such admissions have been ever held to warrant, is a verdict for nominal damages. *Dickinson* v. *Hatfield,* 5 Carr. & P. 46. And it has also been held that after proof of such indefinite admissions, the plaintiff might prove by other evidence the amount actually due. But these rules are believed to be unsound and subversive of the true spirit and objects of Statutes of Limitation. Yet even these rules would not justify this judgment; for the verdict was for the full amount claimed by the plaintiff, and there was no other evidence to prove the account than the admissions of the defendants.

If there was any doubt, however, as to insufficiency of these acknowledgments under general rules, they are removed by the statute of 1844, which provides that *"the very claim sued on,"* must be presented and acknowledged to be due and unpaid, in order to save the bar. This language is clear and explicit, and gives effect to no acknowledgment except of the *very claim* sued on.

Judgment reversed and cause remanded.