## HENRY R. CONKLING

### v.

## JOHN W. VAIL.

### SAME

### v.

### SAME.

1. CONSIDERATION. If a party, being indebted to one, is induced by false representations to execute his note to another, for such indebtedness, the note is without consideration.

2. ASSIGNEE BEFORE MATURITY —*want of consideration.* But if the payee of such note assign it before maturity, to a third person, to satisfy a pre-existing debt, the assignee having no notice of a want of consideration in the note, the defense will not avail against him.

APPEAL from the Circuit Court of the county of La Salle; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action of assumpsit commenced by John W. Vail against Henry R. Conkling, in the Circuit Court of Grundy county, and removed upon change of venue to the Circuit Court of the county of La Salle. The suit was brought to recover the amount of a promissory note, executed by Conkling to Daniel W. Edgerton, on the first day of October, 1851, for the sum of $175, payable two years after date, and assigned by Edgerton to Vail, the plaintiff below, before maturity.

The two cases present precisely the same question, which is, the sufficiency of the defense set up in the second plea. That plea was substantially as follows:

That on and prior to the first day of January, A. D. 1850, John Moore and Horace Moore were the owners in fee of the north-east quarter of Section 9, 34, 7 east 3 P. M.; but although the legal title was in them, they really held the same as security for an indebtedness from one Daniel W. Edgerton

to them. On said January 1st, 1850, by an arrangement between said Edgerton and said John and Horace Moore and the plaintiff, said John and Horace Moore, in discharge of $400 of the indebtedness of Edgerton to them, conveyed, by their deed of that date, to said John W. Vail, the south half of said quarter section of land, and the said Vail gave to said Edgerton a contract to convey the said south half to said Edgerton, upon being paid said four hundred dollars. On the 28th of July, 1851, the legal title to said south half of said quarter section of land so being in said Vail, and the legal title to the north half of said quarter section being still in said John and Horace Moore, as security for the remainder of the debt due them from said Edgerton, the said Edgerton and this defendant made and entered into a contract in writing. That said Edgerton doth bargain and sell unto appellant the north-east quarter of Section 9, 34, 7 east 3 P. M.; also, two acres of timber land in Section 19, 34, 8 east 3 P. M., etc. Said appellant agreed to pay unto said Edgerton $1,150 — $800 October 1st, 1851, balance in two yearly equal installments, to be secured by a mortgage on said premises; Edgerton to make title to appellant when $800 paid; possession to be given on or before the second day of August, 1851, on payment of $100, part of the $800.

August 2, 1851. $100 paid.

August 14, 1851. Said John W. Vail, then residing in Vermont, conveyed to Orson B. Galusha, for expressed consideration of $400, said south half of said quarter section.

September 8, 1851, Galusha, for $400, conveyed said south half of said quarter section to the appellant.

September 20, 1851. Said John and Horace Moore conveyed the north half of said quarter section to the appellant.

The deed from Vail to Galusha was without consideration; that Galusha, in receiving said conveyance and conveying to appellant, acted as the agent of Vail, and was a mere nominal holder of the title, for convenience in transacting the business of his agency.

At the time of the conveyance to appellant, by Galusha, the appellant actually paid the sum of $400, in cash, which was all the consideration Vail was entitled to.

There was due from Edgerton to said John and Horace Moore, at the time they executed the deed aforesaid to appellant, $650, and at the time of the execution of said deed, appellant paid to said John and Horace Moore $300 in cash. After the payment of said $100 to Edgerton, $400 to Galusha for Vail, and at the time of the payment of said $300 to John and Horace Moore, making $800, it was agreed between Edgerton, John and Horace Moore, and appellant, that the remaining $350, mentioned in said agreement as that to be secured by a mortgage, should be paid by letting the said John and Horace Moore have the mortgage contemplated in said agreement. The closing of said agreement by the preparation and execution of said mortgage, was carelessly neglected till March, 1852; Edgerton, in the meantime, had applied to his own use the $400 which belonged to Vail, and which Galusha had permitted him to take. March, 1852, Edgerton, and Atherton, a lawyer in Morris, insisted that it was necessary that the notes should run to Edgerton, as the contract was made with him, and prevailed upon appellant to execute the mortgage and notes (one of which is that declared upon) to said Edgerton, instead of to said John and Horace Moore, with the fraudulent motive, on the part of said Edgerton, to assign the notes and mortgage to said Vail, to make good, in part, the money of said Vail so appropriated by Edgerton to his own use. Thereupon Edgerton, for no other consideration, took and immediately assigned said notes to Vail, and they were left with said attorney (Atherton) to be collected for Vail.

The plaintiff below interposed a demurrer to this plea, and the demurrer was sustained. The other pleas in the cause were withdrawn, and no further defense being made, a judgment was entered in the Circuit Court in favor of the plaintiff, Vail.

Conkling, the defendant below, thereupon took this appeal, and by his assignment of errors, presents the question, whether the plea set up a sufficient defense to a recovery on the note sued upon.

Messrs. LELAND & BLANCHARD, for the appellant.

Mr. B. C. COOK, for the appellee.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court.

Upon a more careful consideration of the facts stated in these second pleas, which are somewhat complex, we are satisfied now that they do not present a defense to this action. They show that Vail had been paid the four hundred dollars due him on the land, and he had no further claim on Edgerton upon the contract in reference to the land. That arrangement was ended, and forever closed when Conkling, as the debtor and agent of Edgerton, paid the money to Galusha, the agent of Vail, and received a conveyance from him. Then, we say, that debt was paid, and that matter ended. After that, Galusha, instead of sending this money to Vail, his principal, let Edgerton have it, who appropriated it to his own use. This made him the debtor of Vail anew, but it did not revive the old indebtedness. He occupied the same position towards Vail that a stranger would, whom Galusha had let have Vail's money. There was really no necessity of complicating the case with a history of the previous transactions, so far as this matter was concerned. Then Conkling, who had by the previous arrangement become the debtor of the Moores for the $350, which he had originally agreed to pay Edgerton for the land, whereby he had ceased to be the debtor of Edgerton, was persuaded to make his notes and mortgage to Edgerton for the $350, instead of to the Moores, and Edgerton then, before it was due, assigned this note to Vail, in part satisfaction of the four hundred dollars he owed him.

To condense the case still more : Edgerton owed Vail $400 for money had and received. Conkling owed the Moores $350, for which he had agreed to give them his bond and mortgage. By means of improper and untrue representations,

11

he was induced to make his notes and mortgage to Edgerton for the $350 instead of to the Moores, hence these notes were without consideration. Edgerton assigned one of these notes to Vail before it was due, and for a good consideration. Now does this state of facts constitute a valuable defense to the note in the hands of Vail? He received it before due, and without notice that it was given without consideration, and hence is entitled to recover upon it. The demurrer was properly sustained. The judgment is affirmed.

*Judgment affirmed.*