## GEORGE OERTEL

### v.

## JULIE SCHROEDER et al.

48  133
72a 334
48    133
97a ²372

1. PROMISSORY NOTE—*failure of consideration.*   Where a party in selling a brewery, fixtures and utensils, and a quantity of beer, represented that the beer was of good quality and merchantable, and was of the value of eight thousand dollars, and it appears that had it been of that quality it would have been worth that sum, when in fact about three-fourths of the beer was spoiled and worthless, and it was worth but two thousand dollars, ; and it appeared that the seller, in showing the beer to the purchaser, only exhibited a sample of the portion that was merchantable, and received a part of the purchase money, and took the note of the seller for a less sum than the loss occasioned by the beer not being merchantable : *Held,* that such facts would constitute a failure of consideration for the note.

2. SAME—*evidence.*   Since the statute has given the defense of want, or failure in whole or in part, of the consideration of a note, such a defense may be proved by verbal testimony, without violating the rule that a written instrument cannot be contradicted, or its terms altered or varied, by parol.   The statute has, in this respect, introduced an exception to the common law rule of evidence.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

The material facts in this case are fully presented in the opinion.

Messrs. JUSSEN & BARBER, for the appellant.

Messrs. THOMPSON & LACKNER, and Messrs. WARD & STANFORD, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees in the Superior Court of Chicago, against appellant, for the recovery

of the amount of a promissory note. The declaration contained a special count on the note and the common counts. To this declaration, appellant pleaded the general issue and two special pleas of the failure of the consideration for which the note was given. These pleas aver that the note was given on the purchase of the payee's interest in the property belonging to the firm of Siebert & Wœlffer; that defendant paid Siebert, for his interest in the property, four thousand dollars, and executed the note sued upon to him. That among the property thus sold, there was a quantity of lager beer which was represented and warranted by Siebert to be merchantable and saleable, and of the value of eight thousand dollars; that, relying upon the warranty, he purchased the undivided half of the property, and paid the four thousand dollars, and gave the note for the residue. The plea avers that the beer was not good, merchantable and saleable, but was, at the time, poor, unsaleable and unmerchantable, and was worthless, whereby the consideration had wholly failed.

To this plea, several replications were filed, by leave of court, traversing the various averments contained in the pleas. On leave granted, appellant filed another plea of failure of consideration, containing substantially the same averments as the second plea, and averred that the consideration of the note had failed to the full extent of the amount due and payable upon the face thereof. To this plea no replication was filed, but there was a stipulation that a replication need not be filed.

On the trial, it appeared that appellant purchased of Siebert his undivided half of a brewery, fixtures and utensils, together with the half of a quantity of lager beer, estimated to have been worth eight thousand dollars. At the time the purchase was made, Siebert seems to have represented the beer to be good and merchantable, when in fact about three-fourths of it was almost worthless. Siebert's partner testifies that if it had been good as represented it would have been worth

between $8,000 and $9,000, when it was, in fact, worth not more than $2,000. It also appears that Siebert took appellant into the sale-room to test the beer, and had samples only drawn from casks containing good beer, giving directions to draw from particular casks. That a small portion was afterwards sold at a low price to the vinegar makers, and the remainder of the spoiled beer was permitted to run out and waste, as being worthless.

After the evidence was heard, appellees moved the court to exclude all of the testimony introduced on the part of the defense. The motion was allowed, and the evidence excluded. A verdict was found for appellees, and judgment was rendered on it for the sum found by the jury.

The stipulation to waive replications, left appellant the right to prove the averments of his pleas, precisely as if issue had been taken by replication. This, then, presents the question, whether the evidence introduced tended to prove a total failure of consideration for the note; if it did, then the court erred in excluding it; if it did not, then the court did right in excluding the evidence. If appellant paid four thousand dollars down, and gave the note for two thousand more, then he should have received six thousand dollars worth of property. If, however, he was to have got four thousand dollars of the six thousand dollars in good beer, and got but one thousand out of the beer, both good and worthless, then it is manifest that he only received three thousand dollars for his four thousand paid, and the note in controversy. This, then, is a thousand dollars less than the note. Deduct the whole note, and he would be loser of one thousand dollars in the transaction, if this evidence is worthy of credit, and of that the jury are the proper judges.

It, then, only remains to determine whether this evidence is admissible under the pleas of failure of consideration or under the general issue. In the case of *Mason* v. *Wait*, 4 Scam. 127, it was held, that the want of title in the vendor of property,

might be set up as a defense for the want of or failure of consideration. So in *Hall* v. *Perkins*, ib. 548, and *Wilson* v. *Wood*, 27 Ill. 202, it was held, that a failure to convey land for which a note was given, might be interposed as a failure of consideration. In *Bailey* v. *Cromwell*, 3 Scam. 71, it was held, that, where, on the sale of a negro girl, a note was given, and it was agreed that the vendor should produce the necessary papers and indentures to show that the girl was a slave, which were not produced, the note was without consideration, and void. And, in *Conkling* v. *Vail*, 31 Ill. 166, where a person indebted to one person was induced to give his note to another person for the debt, it was held that the note was without consideration.

This case falls within the principle deducible from these cases. From these authorities, it appears that where a party does not get that for which he gave his note, the consideration fails, and he may set it up under the statute and prove it as a defense. If appellant relied upon the representations that the beer was merchantable, and it was not of that quality, then the consideration failed to that extent, and it cannot matter whether the representations were made in good faith or fraudulently, whether for the purpose of deceiving or in good faith as a warranty, as in either case, the consideration for which the note was given has failed if the beer was bad to the amount of the note. If a person were to sell a lot of grain, and represent it as containing a given quantity, and he knew it to contain a less quantity, or if he warranted the quantity and it was short in amount, and a note were given, it would not be doubted that the maker might show the deficiency in the quantity as a partial failure of consideration. Or, if a person were to sell property which he did not have, and receive a note from the purchaser for the price, and it was never delivered, no person would doubt that the note was given without consideration. Or, if property was purchased and delivered, and the title of the vendor were to fail, there would be a failure of consideration.

So, if the property sold should prove to be worthless, there would be a failure of consideration, if there had been fraud or a breach of warranty.

If Siebert practiced a fraud in showing specimens of this beer, or intended to warrant that all of it was equal to the samples, and a portion proved to be worthless, there would be a failure of consideration to that extent, if the note was given for the price.

Nor does the evidence of facts which prove a failure of consideration, although not embraced in the written agreement, violate the rule that a written contract cannot be contradicted or varied in its terms by verbal testimony. Before the statute gave this defense, such evidence could not be given as a defense, but the statute has created an exception to the rule, and authorizes facts to be averred and proved which contradict the consideration expressed in the written contract, and show the true consideration. If such evidence were not permitted, the defense of a want, or a total or partial failure of consideration would be useless. In this case, the evidence tended to prove the issue, and should not have been excluded by the court. For this error, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*