# THORNTON WOLF

*v.*

## HERMAN FLETEMEYER.

1. CONTRACT—*illegal consideration.* An agreement or promise based upon no other consideration than the compounding of a criminal prosecution, is illegal and void, and will not support an action.

2. EVIDENCE — *parol to impeach consideration.* Where an action is brought upon a written contract, resort may be had to parol evidence, for the purpose of impeaching the consideration of the agreement.

3. Although the consideration for a promise or undertaking may be expressed in a separate writing of the parties, still, parol evidence may be received to show that the real consideration was different, where the defense goes to the consideration.

APPEAL from the Circuit Court of Peoria county; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Mr. A. J. BELL, and Mr. D. R. SHEEN, for the appellant.

Mr. JULIUS S. STARR, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Herman Fletemeyer against Thornton Wolf, to recover $100 claimed to be due upon a contract or settlement, entered into between the parties on the 20th day of October, 1874.

It appears, from the record, that an indictment was pending in the circuit court of Marshall county against appellant for a criminal offense, the character of which is not distinctly disclosed by the evidence. Appellee, however, appears to have been the injured party, and was the principal prosecuting witness in the criminal case.

On the 20th day of October, 1874, the indictment was dismissed, and a settlement was made between appellant and appellee, in which the former agreed to pay the latter $100. A promissory note, which read as follows:

"LACON, ILL., *Oct.* 20, 1874.

" Ninety days after date I promise to pay to the order of J. S. Starr the sum of one hundred dollars, value received, with interest thereon, after maturity, at ten per cent per annum."

—Was drawn up, and agreed to be signed by Wolf, and when signed it was to be placed in the hands of one Minor, to hold until it was due, for the benefit of the payee.    It was supposed Wolf had signed the note, and it was, therefore, placed in Minor's hands, as agreed upon, but it subsequently turned out that the note had not been signed.

At the same time, and as a part of the same transaction, appellee gave to appellant an agreement, that reads as follows:

"LACON, ILL., *Oct.* 20, 1874.

" In consideration of the payment of one hundred to me, by Thornton Wolf, of Peoria county, I hereby release and forever discharge any and all causes of action, claims and demands, of every kind and nature, that I may have now or ever may have had against such Thornton Wolf, this being intended as a final and full settlement of all matters of difference, of whatever nature or character, between said parties.    The receipt of said one hundred dollars is hereby acknowledged.

" H. FLETEMEYER."

On the trial of the cause, the appellant offered evidence tending to prove that the settlement of the criminal case and dismissal of the same was the consideration for the agreement to pay the one hundred dollars sued for by appellee.    This evidence the court excluded, on the ground that parol evidence could not be introduced to show a consideration different in character from that named in the written contract.    The decision of the court in the exclusion of the offered evidence, is the alleged error mainly relied upon by appellant to reverse the judgment.

It will not be necessary to cite authorities to support the position that an agreement or promise, based upon no other consideration than the compounding of a criminal prosecution,

is illegal and void and will not support an action. *Ford* v. *Cratty*, 52 Ill. 313.

The rule is also well established in this State, that where an action is brought upon a contract in writing, resort may be had to parol evidence for the purpose of impeaching the consideration of the agreement. *Penny* v. *Graves*, 12 Ill. 287; *Harris* v. *Galbraith*, 43 Ill. 309; *Oertel* v. *Schrœder*, 48 Ill. 133.

In *The Great Western Ins. Co.* v. *Rees*, 29 Ill. 272, where the consideration of an agreement was expressly stated on the face of the instrument, it was held that parol proof might be introduced for the purpose of showing another and a different consideration, and that the consideration proven had failed. In that case, for the purpose of illustrating the rule, it was said: "Suppose a note recites that it is given for a horse, or any other article of property delivered the maker, he may plead and prove, by way of failure of consideration, that the payee refused to let him have the horse—that in fact the property was never delivered. And so in the great multitude of cases which constantly occur, the party charged may, under this statute, contradict the note as to the consideration for which it was given; otherwise the statute would be useless and unmeaning."

In the case cited in 29 Ill., the action was brought upon a promise contained in an instrument of writing, which showed, upon its face, a certain consideration for the promise, while the present action is brought upon a parol promise, the consideration for which purports to be expressed in a written contract. If it was competent to prove by parol, as was held to be proper in the former case, that the promise was based upon a consideration different from the one expressed upon the face of the contract, upon the same principle it would seem to follow that parol proof might be resorted to for the purpose of impeaching the consideration which appellee proved was the basis of the promise relied upon by him.

In *Mann* v. *Smyser*, 76 Ill. 365, where a certain person took an agreement in writing for the sale of a warehouse, on

ground leased of a railroad company, and the vendor also agreed verbally to procure an assignment of the lease of the ground, which constituted the consideration of notes given by him; in an action on the last of the series of the notes it was held, that the maker might show by parol that, besides the articles named in the bill of sale, the lease was included, and was a part of the consideration of the note.

This decision seems to be in point upon the question. The mere fact that the consideration, which was the basis upon which the promise sued upon rested, was expressed in a separate contract, can not be regarded a sufficient reason for excluding parol evidence to impeach it. Indeed, if the rule was established that the consideration of a contract could neither be impeached nor inquired into, if a certain consideration for the agreement was expressed in a separate contract, such would, in effect, defeat the defense of a failure of or want of consideration, as it would be quite as easy to obtain a written statement, showing a note or contract was given for one consideration, when, in fact, it was for another, as it would be to obtain the execution of a note with the words "for value received" incorporated, when, in fact, the note was without value or consideration.

The offered evidence tended to establish the defense relied upon by appellant, and as we are satisfied the proof was competent evidence for the consideration of the jury, we think it was error to exclude it.

We express no opinion as to the weight to be given to the evidence, as that is a matter purely for the jury. We merely hold that the evidence was admissible, and it was error to exclude it, and upon this ground alone the judgment will be reversed and the cause remanded.

*Judgment reversed.*