TRUSTEES OF CANTON FEMALE ACADEMY *v.* J. J. GILMAN.

1. PLEADING AND PRACTICE. *Statute of limitations. New promise.*
Where a defendant pleads the statute of limitations, and the plaintiff replies a new promise or acknowledgment, in writing, of the claim sued on, within the time pleaded as a bar, but does not traverse the plea, the only issue presented is on the new promise or acknowledgment. And the question whether the time pleaded is a bar to the action cannot be raised or considered on the trial, although, in fact, the plea is no bar to the action, and would be held bad on demurrer.

2. STATUTE OF LIMITATIONS. *New promise. Case in judgment.*
The following writing, addressed to the plaintiffs and signed by the defendant, was offered as evidence of an acknowledgment of the debt sued on, to take the case out of the operation of the statute of limitations: "It will suit my convenience to execute my note for the balance due for rent, payable January 1, 1877." The court rejected it. *Held,* that the court below properly rejected the writing, as it is too vague and indefinite to prove such acknowledgment.

3. PLEADING AND PRACTICE. *Failure to demur. Effect thereof.*
When the defendant's plea presents no bar to the action, but the plaintiff fails to demur, and a trial is had and verdict rendered for the defendant, this court cannot reverse the judgment, because of the provisions of section 622 of the Code of 1871, forbidding the stay or reversal of any judgment, after verdict, for any mispleading, insufficient pleading, discontinuance, misjoining of issue, or failure to join issue.

ERROR to the Circuit Court of Madison County.

Hon. S. S. CALHOON, Judge.

The plaintiffs in error brought their action, on September 16, 1876, against the defendant in error, for rents due on certain premises. The declaration contained eleven counts: First, for $400, rent for the first year, commencing August 1, 1870; second, for $400, rent for the second year; third, fourth, fifth, and sixth counts, for $300, respectively, for rents due in the several years of 1872, 1873, 1874, and 1875; seventh, upon an account stated, February 7, 1874, for $800; eighth, for $800, money loaned and advanced in February, 1874; ninth, on an account stated, for $1,200, in February, 1874; tenth, for $1,200, money loaned and advanced in February, 1874; and, eleventh, on an account stated July 18, 1874, for $906.66. The

·defendant pleaded payment, and in effect the statute of limita-
tions of three years.  The plaintiffs' replication traversed the
plea of payment, but as to the statute of limitations replied
that the defendant had " acknowledged the claim sued on, in
writing, three years next before the commencement of the ac-
tion."   The following is the writing referred to in the replica-
tion as an acknowledgment of the debt:

" *To Board Trustees C. F. Institute, Canton, Miss.:*

" GENTS:  It would suit my convenience to execute my note for
the balance due for rent, payable January 1, 1877.

" Respectfully,

" J. J. GILMAN.

" *Canton, May 4, 1876.*"

The court refused to permit this writing to be read to the
jury as evidence of an acknowledgment of the debt.  The
errors complained of are pointed out in the opinion of the
·court.

*A. H. Handy*, for the plaintiffs in error.

1. The court erred in refusing to allow the plaintiffs to read
in evidence the letter of the defendant, referred to in their
replication.  It was clearly an " acknowledgment " by the
·defendant, in writing, that there was a debt due by him for a
balance of the rent here sued for, and that satisfied the statute,
though the amount of the balance was not stated.  For it is
not necessary that he should have promised to pay any speci-
fied sum ; it is sufficient, to prevent the bar, that he " acknowl-
·edged " his indebtedness, in writing signed by him, within the
·excepted period ;  and there was an absolute admission that
some debt was due by him, the amount of which may be proved
by evidence *aliunde*.   Ang. on Lim., sec. 239 ; *Barnard* v.
*Bartholomew*, 22 Pick. 291 ; *Sumner* v. *Sumner*, 1 Metc.
394 ; *Dinsmore* v. *Dinsmore*, 8 Shepley (Me.), 433.

2. The declaration contained three counts on account stated.
The defendant pleaded only payment, and the statute of limit-
ation of three years ; and the plaintiffs replied the defendant's

acknowledgment of the debt, in writing, within three years. This issue was immaterial, and not sufficient on which to found the verdict, for the plea of the statute of limitations of three years was no answer to the counts on account stated, which could be barred only by the limitation of six years. *McCall* v. *Nave*, 52 Miss. 494.

*A. H. Handy* made an oral argument, also.

*John Handy*, for the defendant in error, argued the case orally, and contended :

1. The account sued on was not an " account stated," it never having been assented to by both parties as correct, in such a way that a new promise would be implied therefrom. The facts repel such presumption in this case. *Cripps* v. *Davis*, 12 Miss. 168. But, if it be an account stated, the limitation of three years applies under the act of 1876, page 252.

2. Nor does this case come within the meaning of section 2164 of the Revised Code, because (1) the suit is not brought to recover a balance due, but on the whole account ; (2) mutuality of dealings, such as the statute contemplates, is not shown by the proof, but rather a case for recoupment of damages arising from the original single consideration ; (3) the statute was intended to reach mere matters of account, and not cases where the suit is on express contract for rent.

3. To the plea of limitation there was only one reply, viz., an acknowledgment in writing. No issue was raised by replication as to this being a case of " mutual open current account ;" that provision of the law, if relied on, should have been invoked by pleading the facts. 9 Gill & J. 439 ; 6 N. H. 235. There was no pleading, therefore, on which to predicate the instructions asked in reference to section 2164 of the Code.

4. The note written by defendant was wholly insufficient to sustain the issue made by the replication, because (1) the amount admitted to be due was indeterminate (30 Miss. 171 ; 32 Miss. 237 ; 1 Pet. 351 ; 6 N. H. 367) ; (2) the offer was conditional, and varied from the original obligation (3 Wash. 404 ; 2 Hill (S. C.), 326 ; 1 Ill. 216) ; (3) it will be con-

fined to the part of the debt unaffected by limitation (6 Pa. St. 321 ; 23 Pa. St. 413).

Campbell, J., delivered the opinion of the court.

The only controversy between the parties is as to the statute of limitations. The five instructions asked by plaintiffs, and refused, relate to the time when the statute of limitations commenced to run on plaintiffs' cause of action, and were properly refused, because not pertinent to the issue, which is, Did the defendant acknowledge the claim sued on, in writing, within three years next before the commencement of the action? *When* the statute of limitations commenced to run was not involved in the issue. The plaintiffs, confessing defendant's pleas that the cause of action did not accrue within three years before the institution of the suit, sought to avoid this fact by replying an acknowledgment of the claim, in writing, within three years. Not having traversed defendant's pleas of the statute of limitations of three years, they and the jury were concluded from questioning what is thus confessed on the record. Stephen's Pl. 217 ; Gould's Pl., ch. 111, sec. 167.

It is true that the pleas of the statute of limitations of three years did not present a bar to the action, and would have been held bad if plaintiffs had demurred to them ; but they did not, and, instead of that, confessed them, and tendered issue on the alleged acknowledgment by defendant within three years, and that was the issue on which the verdict of the jury was to be rendered. Upon this issue the jury was compelled to find for the defendant, unless there was evidence before it of an acknowledgment, in writing, by defendant of the claim sued on within three years before the commencement of the action ; and this disposes of all the questions presented by plaintiffs in error, except as to the admissibility in evidence of the writing relied on as containing an acknowledgment by defendant of the claim sued on ; for the verdict being clearly

right, and what it must have been upon the issue tried, it will not be disturbed unless the plaintiffs were improperly denied the use of evidence which they offered.

The writing offered to prove an acknowledgment of the claim by defendant is too vague and indefinite to have that effect. *Lawrence* v. *Mangum*, 30 Miss. 171; *Mask & Harrison* v. *Philler*, 32 Miss. 237; *Burr* v. *Burr*, 26 Pa. St. 284; *McRae* v. *Leary, Exr.*, 1 Jones, 91; *Suter* v. *Sheeler*, 22 Pa. St. 308.

This view does not conflict with that held in *Hart* v. *Boyt*, 54 Miss. 547. In that case the writing was for the very purpose of saving the bar of the statute of limitations. It was indorsed upon the deed of trust which secured the debt intended thereby to be saved from the bar. The debt was particularly described, and was thereby revived, in the view of a court of equity, subject to the claim of the debtor to have the amount reduced by some credits which were understood between the parties, and not disputed. The circumstances of that case were peculiar and exceptional. In this case it is manifest that the writing was not made with any purpose to waive a defense or save the bar of the statute. It does not *identify* the debt referred to. It mentions a balance due for rent, but does not state *when*, nor *from what*, nor to *whom* the rent accrued, nor what the balance was. To allow all these things to be proved by parol would produce the evil the statute requiring an acknowledgment or promise in writing to save the bar of the statute was intended to prevent.

As the pleas of the defendant setting up the statute of limitations of three years were not a bar to plaintiffs' action, and were a confession of it, they would, as to this issue, according to the well-settled rule of the common law, be entitled to judgment *without regard to the verdict;* but section 622 of the Code provides that no judgment shall be stayed or reversed, after verdict, for any defect, whether of form or substance, which might have been taken advantage of by demurrer, and

which shall not have been so taken advantage of, and this forbids a reversal of the judgment. The plaintiffs lost their right to take advantage of the manifest insufficiency of the pleas by not demurring to them.

Judgment affirmed.