Martin v. Stubbings.

## CORNELIA MARTIN

### v.

## WILSON H. STUBBINGS, IMPLEADED, ETC.

*Assignment of Insurance Policy and Benefit Certificate—Public Policy— Consideration—Parol Evidence—Bill of Interpleader.*

1. Parol evidence is admissible to prove the consideration for a note and a written assignment of an insurance policy and benefit certificate as security therefor.

2. The waiver of a legal right is a sufficient consideration for a promise.

3. In the case presented, it is *held:* That the sum found due upon an accounting between the husband and his co-partner was at least a sufficient equitable consideration for the note and assignment of the insurance policy and benefit certificate, which were executed by the husband and wife; that the waiver by said co-partner of his legal right to terminate the contract of partnership was an additional consideration; and that such assignment was not against public policy.

[Opinion filed August 1, 1888.]

ERROR to the Superior Court of Cook County; the Hon. GWYNN GARNETT, Judge, presiding.

This is error to the Superior Court upon a decree in favor of Stubbings, the defendant in error, and against the plaintiff in error, Cornelia Martin, in proceedings by bill of interpleader, brought by the Knights Templar and Mason's Life Indemnity Company against said parties, for the purpose of having them interpleaded, so that the court might determine which of them was entitled to the money due, and to what extent, upon a policy of life insurance issued in June, 1883, by said company upon the life of Neal K. Martin, the husband of said Cornelia, in the sum of $5,000, payable to the widow, children and heirs of said Martin, unless otherwise ordered during his lifetime or in his will, and containing the express provision that he might change the beneficiary thereunder at his pleasure without notice to or consent of the beneficiary designated. The said Cornelia claimed all of said money, as the widow of said Neal K. Martin, he having died July 27, 1886, and said Stubbings claimed a lien upon it, to the extent of the sum of $3,411.66 and interest, on the alleged ground that April 16, 1886, the said Neal K. Martin being indebted to him in said sum, made his promissory judgment note for said sum payable to him, said Stubbings, one day after that date; that said Cornelia then signed said note as surety and joined with her said husband in assigning and pledging to said Stub-

Martin v. Stubbings.

bings as security for the payment of said note, the policy or certificate of insurance aforesaid, and also a certain benefit certificate issued to said Neal K. Martin by the Supreme Council of the Royal League, whereby the latter promised to pay said Cornelia, as the wife of said Neal K. Martin, out of its widows and orphans benefit fund, a sum not exceeding $4,000, in accordance with its laws, etc., both of which policies or certificates were delivered into the possession of said Stubbings, at the time of making said note, as a pledge or security for its payment.

Cornelia Martin, in order to defeat Stubbings' right under said assignment and pledge, relied upon two grounds only: First, that there was no good or sufficient consideration for the said note or the assignment. Second, that the policies or certificates, from the nature of the corporation issuing them, were not assignable, because it was against public policy and the implied prohibition of the statute, under which the associations issuing them were created, that they should be so. The material facts, as shown by the record and preponderance of the evidence, out of which the transaction of making said note and transfer of the policy and certificate to Stubbings arose are as follows: April 16, 1883, Neal K. Martin and Stubbings entered into articles of co-partnership for the purpose of carrying on the business of painting in all its branches, and the sale of paints, oils, varnishes, brushes, etc., in the city of Chicago. The articles provided that the firm name should be W. H. Stubbings & Company; that said partnership should continue for the term of five years, but might at any time be dissolved upon either party giving to the other three months notice in writing of his desire to dissolve the same; that Stubbings should furnish the cash capital required to carry on said business, provide and keep on hand and replenish from time to time a stock of paints, oils, varnish, brushes, ladders, tools, etc., required to carry on said business; that said Martin should devote all his time and energy to said business, and have the entire control and management of the same; that the profits of said business, after paying for the stock furnished and all expenses of said business, should be equally

divided between them.  It appears that the parties went into said business as partners, under said articles, and carried on the same thereunder until April 16, 1886; that some time prior to that date, Stubbings discovered that Martin had been drawing out for his own individual use more than his share of the profits, and upon careful and repeated investigation into the affairs of the firm, it was ascertained to the entire satisfaction of said Martin, that down to January 1, 1886, that being the time to which the accounting extended, Martin had overdrawn from said profits the sum of $3,411.66, which belonged to Stubbings, and a settlement was had between them upon that basis ; that is, that on the 1st day of January Martin owed Stubbings that amount.  It appears that Stubbings, immediately upon discovering such overdraft, decided to dissolve said partnership, and gave Martin written notice to that effect ; that Martin at that time was in bad health and earnestly appealed to Stubbings not to cast him off, as he was without means; that finally Martin proposed to Stubbings that if he would not sever, but renew their partnership relations for another period of time to enable him to pay up said overdraft, he would give his note to Stubbings for said amount,. signed by his wife, and secure the same by turning over to Stubbings his life insurance, in which proposition the plaintiff in error concurred and joined ; that Stubbings after a while acceded to that proposition, and in pursuance thereof all the parties met together April 16, 1886, when, everything being understood and details agreed upon, said Martin executed said note as principal, and his wife as surety, to secure which both joined in a written assignment and pledge of the said policy of life insurance and said benefit certificate, and the wife, having brought them there, they were then and there delivered into Stubbings' possession; that thereupon Martin and Stubbings executed new articles of co-partnership bearing that date, whereby the former ones were specifically canceled and annulled, and provided, in substance: 1.  That said parties thereby formed a partnership for the purpose of carrying on the business of painting and papering in all its branches, and buying and selling painted

goods and materials of all kinds of paints, papers, oils, varnishes, brushes, ladders, etc.

2. That the business should be carried on under the firm name and style of W. H. Stubbings & Company.

3. That said partnership should continue for the term of two years, but might be dissolved at any time by either party giving to the other three months notice in writing of his desire to dissolve the same.

4. That Stubbings should allow the plant and stock on hand belonging to him which had been used in the business heretofore carried on by said parties, and which is now located at 541 West Madison street, in the city of Chicago, to continue to be used in the business of said parties, and, when necessary, he should also advance the cash capital required to carry on said business, and replenish said stock from time to time as may be necessary to carry on said business, the firm allowing interest on the money so advanced.

5. That said Martin should devote all his time and energy to said business, so far as his health will permit, and shall have the control and management of the same.

6. That during the continuance of said partnership business said Stubbings shall spend such time in said business as he conveniently can.

7. That said Martin shall keep, or cause to be kept, just and true books of account of said business, which shall at all times be open to the inspection of Stubbings.

8. That said parties shall equally share all profits and losses of said business; but no profits shall be divided until all the expenses of said business have been paid and said Stubbings shall have been reimbursed for the value of the plant and stock contributed by him as aforesaid, and all capital which he may advance, as hereinbefore provided.

9. " It is hereby mutually agreed that neither party hereto shall draw from the said business a sum to exceed one hundred and fifty dollars during any one month during the continuance of this partnership, unless the sum shall be mutually agreed upon in writing."

It appears that the partnership was launched and busi-

ness carried on under said articles until July 27, 1886, when said Martin died. At the hearing upon pleadings and proofs, a decree passed in favor of Stubbings, in which the associations issuing said policy and benefit certificate respectively acquiesced, and Cornelia Martin alone brings error to this court.

Messrs. MILLARD R. POWERS and ROBERT S. ILES, for plaintiff in error.

We maintain, in the case at bar, that to permit the assignment of such certificates as the ones in issue, by the assured, to pay his debts, is contrary to public policy, because it defeats the provisions of the contract between the company and the assured and deprives the widows and orphans of the fund which was especially set apart for their benefit, thus leaving them liable to become a charge upon the public, which is contrary to the spirit of modern society, hence to public policy; for the spirit of our laws (public policy as we term it), is to protect the citizen and his family, in their person and property, to such an extent as to enable them to be self-supporting and not to become paupers. This is also the manifest object of the creation of the fund in question, and the organization of these mutual benevolent associations.

That this is the policy of our law is shown by the enaction of exemption laws, and the decisions thereunder, wherein it is held that a man can not sign away or waive his exemptions, as they are intended for the benefit of his family. Phelps v. Phelps, 72 Ill. 545; Curtis v. O'Brien, 20 Ia. 376; Recht v. Kelly, 82 Ill. 147.

Messrs. HOYNE & FOLLANSBEE, for defendant in error.

The execution of the new articles of co-partnership by which the scope of the business theretofore carried on between Stubbings and Martin was enlarged, and by which Martin was to devote only such time to the same as his health would permit, and by which Stubbings was limited as to the amount of money which he could withdraw from the firm monthly, and by which he waived his right to terminate all business relations

existing between them, was a sufficient consideration for the execution of said note by Mr. and Mrs. Martin, and a sufficient consideration for the deposit of said collaterals by them. 1 Parsons on Contracts, 431; Doyle et al. v. Knapp, 3 Scam. 334; Buchanan v. International Bank, 78 Ill. 500, 505; Burch v. Hubbard, 48 Ill. 164, 171; Union Trust Co. v. Rigdon, 93 Ill. 458; Joliet Iron Co. v. Scioto Fire Brick Co., 83 Ill. 548; Benton v. Holliday, 44 Ark. 56; Miller et al. v. Hawker, 66 Ill. 185.

Parol evidence is admissible to show what the consideration in fact was for the execution of the judgment collateral note and the deposit of the collaterals. Grier v. Puterbaugh, 108 Ill. 602; Kidder v. Vandersloot, 114 Ill. 133; Huebsch v. Scheel et al., 81 Ill. 281; Wolf v. Fletmeyer, 83 Ill. 418; Primm v. Legg, 67 Ill. 500; Booth et al. v. Hynes et al., 54 Ill. 363.

It is no longer an open question in this State that life insurance policies or benefit certificates such as those in controversy are the subject of pledge or assignment, and that no principle of public policy is contravened in permitting the same to be done. This is also true in other States where not prohibited by statute or the contract of insurance itself. Norwood v. Guerdon, 60 Ill. 253; Pomeroy v. Manhattan Life Ins. Co., 40 Ill. 388, 401; Highland v. Highland, 109 Ill. 366; Johnson v. Van Epps, 110 Ill. 551; Benefit Association v. Blue, 120 Ill. 121; Norris v. Mass. Ins. Co., 131 Mass. 294; Troy v. Sargent, 132 Mass. 408; Mutual Life Ins. Co. v. Allen, 138 Mass. 24; Briggs, Trustee, v. Earl, 139 Mass. 473; Newcomb v. Mut. Life Ins. Co., 9 Ins. Law Jour. 124; Emerick v. Coakley et al., 35 Md. 188; Supreme Lodge Knights of Honor v. Naim & Richardson, 22 Cent. Law Jour. 274; Mut. Aid Ass'n v. Gosner, 1 West. Rep. (Ohio) 4; Kentucky Masonic Mut. Life Ins. Co., etc., v. Miller, Adm'r, 13 Bush (Ky.), 489; Baker, Trustee, v. Young, 47 Mo. 453; Archibald v. The Mut. Life Ins. Co., 38 Wis. 542.

Even if the policy could not be pledged to Stubbings, that objection could be raised only by the companies, and not by Mrs. Martin. Johnson et al. v. Van Epps, 110 Ill. 551.

At the time Martin pledged said benefit certificates with Stubbings as collateral security for his indebtedness to him, Mrs. Martin had no interest in them; all she had was a mere expectancy, which, had he retained his interest in the policies, would have ripened into a vested right upon his death. As it was, he disposed of a part of his rights thereunder for a valuable consideration prior to his death, and if not done in conformity to the rules of the associations, they alone can complain. Swift v. R. P. and F. C. Ben. Ass'n, 96 Ill. 309; Maloney v. O'Sullivan, 16 Legal News, 181, 182; Norwood et al. v. Guerdon, 60 Ill. 253; Exp. Aid Soc. v. Lewis, 9 Mo. App. 412, 415.

McALLISTER, J. The position is broadly taken by counsel for plaintiff in error, that there was no legally sufficient consideration to support either the promissory note or assignment, as security therefor, of the policy of life insurance and benefit certificate in question, either as respected Neal K. Martin in his lifetime or as respects the plaintiff in error, his widow, and that, at all events, the court erred in admitting parol evidence tending to prove such consideration. If the instrument creating said note and assignment had recited a particular consideration, and that had been insufficient, then it would have been incompetent to prove another and different consideration by parol. Schemerhorn v. Vanderheyden, 1 Johns. 139; Arms v. Ashley, 4 Pick. 73. But no such particular consideration was expressed, and by the well settled rule of law, parol evidence was admissible to prove a consideration either directly or circumstantially. Tingley v. Cutter, 7 Conn. 291; Cummings v. Bennett, 26 Maine, 397; Patchin v. Swift, 21 Vt. 292; Thompson v. Blanchard, 3 N. Y. 335; Primm v. Legg, 67 Ill. 500; Wolf v. Fletmeyer, 83 Ill. 418; Huebsch v. Scheel, 81 Ill. 281; Grier v. Puterbaugh, 108 Ill. 602; Kidder v. Vandersloot, 114 Ill. 133.

The parol evidence being competent, the next question is, did it show a legally sufficient consideration for said promissory note and assignment as respects both parties making the same? Upon the facts shown by the record and a preponderance of all the evidence, we think it did.

The note was given to Stubbings for and on account of a sum found due and a balance struck upon an accounting, free from fraud or mistake, between the latter and said Neal K. Martin, as respected all their partnership affairs, down to January 1, 1886. It was not an accounting that was to be preliminary to a final settlement, but was, in fact, and so regarded by the parties, a final settlement down to that period of time. As between said Martin and Stubbings, that indebtedness from Martin constituted, as some authorities hold, a sufficient legal consideration for the note. Pars. on Part. p. 278; 2 Lindley on Part. 1027; Van Ness v. Forrest, 8 Cranch, 30; Sturges v. Swift, 32 Miss. 237. At all events it constituted a good equitable consideration, and this was a suit in equity. But there was an additional consideration. By the first articles of co-partnership Stubbings had the legal right, upon written notice to Martin, to sever their partnership relations, had decided to do so, and given the notice accordingly. But at the request of said Neal K. Martin, in which his wife united, and their proposition to give said promissory note and make said assignment as security therefor, if Stubbings would not sever said partnership relations, but continue the same, Stubbings consented to waive said right and to enter into new articles of co-partnership, which was done as set out in the statement of the case April 16, 1886, and the said note and assignment executed at the same time. The waiver of any legal right, at the request of another, has always been deemed a sufficient consideration for a promise. Miller v. Hawker, 66 Ill. 185.

Aside from that, it appears upon the face of said new articles of co-partnership, that pecuniary benefits would flow therefrom and the business to be carried on thereunder, from Stubbings to Martin, while the former subjected himself to the burden of furnishing the plant, all tools, materials and cash capital necessary to carry it on. Martin was to contribute nothing but his personal services, so far as his poor health would permit, was authorized to draw out one hundred and fifty dollars per month for his expenses, and entitled to one half the net profits.

There being a valuable consideration for the equitable assign-

ment of the policy of life insurance and benefit certificate, in which act Martin and his wife united and as to which there is no pretense of fraud or unfairness, we feel disinclined to enter into a discussion of the objections taken by counsel for plaintiff in error that such assignment was against public policy and impliedly prohibited by the statute under which the associations respectively were created, from which said policy and certificate emanated, because we consider that the decisions of our Supreme Court cover the entire ground against the plaintiff's contention.   Pomeroy v. Manhattan Life Ins. Co., 40 Ill. 398; Norwood v. Guerdon, 60 Ill. 253; Highland v. Highland, 109 Ill. 366; Johnson v. Van Epps, 110 Ill. 551; Benefit Association v. Blue, 120 Ill. 121.   The decree below should be affirmed.

*Decree affirmed.*

GARNETT, J., took no part in the decision of this case.

NOTE—The case of Cornelia Martin, implead d with the Supreme Council of the Royal League v. Wilson H. Stubbings, being the same as the above case, is decided in the same way.