52  313
29a 527
52  313
49a 529

GEORGE E. FORD *et al.*

*v.*

THOMAS CRATTY, Administrator, etc.

1. CONTRACTS—*compounding a criminal offense.* An attorney having money of his client in his hands, and refusing to pay it over, the client sued out a warrant for his arrest on the charge of larceny for embezzlement, which was shown the attorney, who was told that unless he paid the claim or secured it, the prosecution would be pushed to a conclusion; the attorney thereupon gave his note for the amount, with security: *Held,* in an action on the note, that it would not be regarded as having been given to compound a criminal offense, inasmuch as the statute allows the injured party to receive from the wrongdoer that which belongs to him.

2. Nor was the character of the transaction, so far as respects the validity of the note, affected by the fact that it would not have been given had the principal maker not been threatened with the criminal prosecution.

APPEAL from the Circuit Court of Peoria county; the Hon. S. D. PUTERBAUGH, Judge, presiding.

This was an action of assumpsit, brought in the court below by Thomas Cratty, as administrator of Frederick Furch, deceased, against George E. Ford, and others, his securities, upon a promissory note given by the defendants to the intestate in his lifetime. The circumstances under which the note was given, and the questions arising in respect thereto, are set forth in the opinion of the court.

A trial resulted in a judgment for the plaintiff, from which the defendants appealed.

Mr. H. GROVE, for the appellants.

Messrs. INGERSOLL & McCUNE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the record in this case, that appellant Ford, as an attorney at law, was employed by Frederick Furch to sell certain lands, to collect debts, etc. while Furch was absent in the army. It appears that Ford had sold the land, and collected debts, and in May, 1866, had in his possession about the sum of $1374. That Furch, on his return from the service, called on Ford for the money, but failed to get it. That he thereupon employed O'Brien and Cratty to collect it for him. After ascertaining that he had collected the money, and failing to obtain it, they had Furch make an affidavit of the facts, and sued out a warrant for his apprehension on the criminal charge of larceny for embezzling the money.

O'Brien took with him the affidavit and warrant, and showed them to Ford, and informed him that he must settle or secure the claim, or the prosecution would be pushed to a conclusion. Ford then saw the other appellants, and they became his sureties on the note.

It is first insisted that the court erred in refusing to permit O'Brien to testify that Ford would not have given the note had he not been threatened with the criminal prosecution. The defense was, that the note was given to compound a criminal offense.

The 23d section of division 9 of our criminal code (Gross' Comp.) defines such an offense to be, the taking of money, goods, chattels, lands or other reward, or promise thereof, in consideration of an agreement not to prosecute a criminal offense, and fixes a fine in double the sum or value of the thing received ; but expressly declares that no person shall be debarred from taking his goods or property from the thief

or felon, or receiving compensation for the private injury received by the commission of any such criminal offense.

The 23d section of the 7th division of the criminal code (Gross' Comp.) declares that if any county judge, police magistrate, justice of the peace, constable, or attorney, or counselor at law, shall fail, neglect or refuse to pay over money collected to the person entitled to receive the same, upon a demand thereof, every such person so offending shall be deemed guilty of a misdemeanor, and punished by fine in double the amount retained, and imprisoned in the county jail for a term not more than a year, nor less than three months, and be removed from office and thereafter rendered ineligible to hold office.

This last section authorizes the injured party to reclaim his property or receive compensation for the wrong done to him. Then, whether a prosecution could be maintained under the first of these sections or not, if the injured party, for a compensation, were to agree not to prosecute for a misdemeanor, does not matter, as the statute authorizes him to regain his property or to receive compensation for the injury he has received. In this case, Furch did no more than receive that compensation when he obtained the note. There is no pretense that Ford had not collected the money, and still owed it to him. He had a right to receive the note, and whatever may be said of the means employed in obtaining it, we cannot hold that it was received to compound a criminal offense. In this view of the question, the answer to the question propounded to the witness was immaterial.

It is next urged that the court below erred in giving instructions for appellee, and in refusing instructions asked by appellants. It will be seen that the instructions given, accord with the views we have here expressed, and those refused were the reverse of the rule we have announced. It then follows that there was no error in giving or refusing to give instructions.

A number of authorities have been referred to, to establish the position that a note given to compound a criminal prosecution is illegal and void. The rule is well settled that such a note

is illegal, but here the note was given, not as a reward for not prosecuting, but for a debt due from Ford to Furch, and that being the only and true consideration, it is not like a note given simply to prevent the prosecution for a misdemeanor or felony. That would be a different question ; nor is any question before us whether Furch and his attorney incurred any liability by using the criminal process to influence Ford to give the note with security. Nor is the question of duress before us, as that defense has not been interposed in this case.

The evidence sustains the verdict, and the judgment is affirmed.

*Judgment affirmed.*