### Frank Bea et al. v. The People, use of, etc.

1. EVIDENCE—*When the Wife is Competent to Testify Against Her Husband.*—Under the statute, R. S., Chap. 51, Sec. 5, the wife is a competent witness against her husband where the action grows out of the neglect of the husband to furnish her with suitable support.

2. MARRIED WOMEN—*In Respect to Property Rights Are on the Same Footing with Married Men.*—Under existing legislation, married women are placed upon the same footing with married men in respect to all property rights, including the means to acquire, protect and dispose of the same.

3. HUSBAND AND WIFE—*May Contract with Each Other.*—Husband and wife may contract with each other, and have the usual and ordinary remedies provided by law for the enforcement of such contracts.

4. COMPOUNDING A CRIME—*An Obligation Given in Consideration of the Suspension of a Prosecution for Wife Abandonment is Valid and May be Enforced.*—An obligation given by a husband to pay an abandoned wife and child a fixed amount, and containing the provision that the prosecution of an indictment against him for such abandonment be suspended, is not a bond given to compound a criminal prosecution nor as a reward for not prosecuting, but to secure the performance of a duty by husband and father owed independently of his written obligation, and constituted the only true consideration of the bond. Such a bond is enforceable.

Debt.—Appeal from the Circuit Court of Sangamon County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

RUFUS M. POTTS, attorney for appellants.

McGUIRE & SALZENSTEIN, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellant Frank Bea was indicted for the alleged abandonment of his wife and child without good cause, and

while such indictment was pending he entered into a bond, with the other appellants as sureties, in the penal sum of $500, payable to the people of the State of Illinois, for the use of Helen Bea and Paulina Bea, the abandoned wife and child, conditioned that the husband would pay $5 per week, in monthly installments of $20 each in advance; the bond also containing the provisions that the prosecution of the indictment should be suspended, and in case the husband and wife should live together the bond should no longer be binding. A jury having been sworn to try the issue upon the indictment, were, upon the execution and delivery of the bond, discharged, and the indictment stricken from the docket with leave to reinstate. The husband having failed to pay as provided in the bond, this suit was brought and a recovery of $144.50 obtained, to reverse which this appeal is brought.

To reverse the judgment it is argued that the court improperly admitted the testimony of the wife against the husband; that the child, being a minor, could not maintain the suit without the intervention of a guardian or next friend; that a suit at law can be maintained by the wife against the husband only in relation to her separate property; and that the bond is void because it assumes to compound a criminal offense.

We think it clear under the statute (Sec. 5, Chap. 51, Rev. St.), where it is provided that husband and wife shall be competent to testify where the cause of action grows out of the neglect of the husband to furnish the wife a suitable support, the wife was a competent witness, and her testimony was admissible. It can not be disputed the cause of action here grows out of the neglect of the husband to support his wife. There is nothing shown in the abstract of the bill of exceptions concerning any motion, objection or ruling of the court in respect to the capacity in which the minor prosecuted the suit, and we therefore decline to consider that point. The general motion to dismiss the suit at the close of the plaintiffs' evidence was not effective to raise this question; besides, if it was, the motion was too

late, the point having been waived by entering upon the trial.

Respecting the point that the suit at law can not be maintained by the wife against the husband because, as it is said, it does not relate to the separate property of the wife, we may say that it is now the settled law, under existing legislation, that married women are placed upon the same footing with married men in respect to all property rights, including the means to acquire, protect and dispose of the same. "Contracts may be made, and liabilities incurred by the wife, and the same may be enforced against her to the same extent and in the same manner as if she were unmarried." (Sec. 6, Chap. 68, Rev. St.) There is nothing in all this legislation that forbids her to contract with her husband, and the words are general and broad enough to sanction such contracts. Crum v. Sawyer, 132 Ill. 443, and cases cited. If, then, the husband and wife may contract with each other, as has been seen they may, it would be absurd to suppose the legislature intended to withhold from the wife, as argued here, the usual and ordinary remedies provided by law for the enforcement of such contracts, and the numerous authorities cited by counsel do not sustain, and have no application to this point. Neither is there merit in the contention of appellants that the bond was given to compound a criminal prosecution; as, if it was, the rule is well settled that the bond would be illegal. The bond was not given as reward for not prosecuting, but to secure the performance of a duty by the husband and father, owed independently of his written obligation, and this was likewise due to appellee without the binding force of the bond, and constituted the only and true consideration of the bond upon which this suit was based. Ford v. Cratty, 52 Ill. 313.

The judgment of the Circuit Court is right and it will be affirmed.