# CHARLESTON

THE BOARD OF EDUCATION OF THE DISTRICT OF NORTHFORK V. ANGEL *et als.*

Submitted February 5, 1915. Decided March 2, 1915.

1. BILLS AND NOTES—*Protest—Notice.*

If notice of protest of a negotiable note be regularly mailed, as prescribed by section 8, chapter 99, Code 1906, it is immaterial that such notice may not have been in fact received by the endorser thereon. He is nevertheless legally bound by such notice. (p. 749).

2. CONTRACTS—*Agreement to Repay Embezzled Money—Validity—Consideration—Pendency of Prosecution.*

Notwithstanding the pendency of criminal proceedings against the wrongdoer, one whose money or property has been embezzled, or fraudulently obtained, may contract with such wrongdoer for repayment of the money or satisfaction for the loss sustained, and take security therefor, without invalidating the contract, unless there be included therein, as a part of the consideration therefor, some promise or agreement, express or implied, that such prosecution shall be suppressed, stifled or stayed. (p. 749).

3. SAME.
> Such contract, however, if made in whole or in part upon consideration of such unlawful promise or agreement is void as against public policy, and will not be enforced by the courts.   (p. 750).

4. SAME—*Legality—Sufficiency of Evidence.*
> In this case the verdict of the jury against the defendants on the plea of such an illegal contract was sustained by the proof, and there was no error in the judgment below denying them a new trial. (p. 750).

Error to Circuit Court, McDowell County.

Action by the Board of Education of the District of Northfork against C. S. Angel and others. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

· *Anderson, Strother & Hughes* and *Stokes & Sale,* for plaintiff in error.

*F. C. Cook,* and *H. A. Ritz,* for defendants in error.

MILLER, JUDGE:

Defendants, Angel, Toney, Kaufman and Strudwick, seek reversal of a judgment against them on a note dated October 30, 1903, made by one Roberts, payable sixty days after date, to one E. T. Sprinkle, Sheriff of McDowell County, for nine hundred and twenty-one dollars and five cents, negotiable and payable at the McDowell County Bank, Welch, West Virginia, and endorsed by them and also by their co-defendants, Tipton, Roberts, Ballard and Botsford.

Besides the general issue and the plea of the statute of limitations of ten years, plaintiffs in error interposed as defenses, by special plea number 2, "that if they signed the note sued upon as endorsers thereon, the said note was given and their endorsements obtained for an illegal consideration, to-wit: to suppress a criminal prosecution for a felony begun and put on foot against the maker of said note, F. G. Roberts and this they are ready to verify"; and by special plea number 3, "that they were merely endorsers upon the note sued upon, and that said note was not presented for payment according to the time thereof, and protested for non-payment

thereby relieving and releasing these defendants from liability thereon as endorsers, and this they are ready to verify.''

On the trial the plea of the statute of limitations was not sustained by the proof, and no point of error on said plea is made or relied on here.

On the plea of want of notice of protest and consequential release as endorsers on the note, we think, as the court below evidently concluded, that this defense also failed for want of proof. The evidence was that the note and certificate of protest had been lost, and evidence was admitted showing conclusively its contents, and that the note was duly presented for payment, payment refused, and protest and notice thereof mailed to each of said endorsers at their regular post office addresses. The only evidence to the contrary was the personal recollection of two or three of these defendants, after nine years, that they had never received such notices. But there is no evidence that any of them ever denied liability on the note on that account until suit brought, and moreover, some of them, at least, negotiated for payment of the note after its maturity, and one of them seems to have paid over to another his part or portion of the debt that the whole might be settled and paid. The note having been so regularly protested and notices mailed to the endorsers it is wholly immaterial whether the endorsers received their notices or not. Section 8, chapter 99, serial section 3446, Code 1906; *Insurance Co.* v. *Wilson*, 29 W. Va. 528. Defendants' instruction number 4, propounding a contrary proposition, was therefore rightfully rejected.

The real and only question of merit presented by plea, and by an instruction given by the court in lieu of instruction number 1, requested by plaintiff, and defendants' instructions numbered 2 and 3, rejected, is whether, as alleged in the plea, and as assumed by defendants' two instructions rejected, said note and the endorsements thereon were given or procured in consideration of the suppression of a criminal prosecution for a felony begun and put on foot against said Roberts, as alleged in said plea, or to stop such intended prosecution, as assumed in said instructions.

The evidence is that the note was made by Roberts, who had been secretary of said board of education, to cover the

amount of certain orders drawn by him on said sheriff, as treasurer ex-officio of the school funds of said district, and on which he had forged the name of the president, and had thereby fraudulently procured and embezzled money and funds belonging to said school district, and that at the time he executed said note with the endorsers he had been arrested and was then in the custody of a constable on a warrant sworn out by the prosecuting attorney, and who also represented the said board of education in the taking of said note.

. It is well settled law that, though criminal proceedings have been begun and be pending against the wrongdoer for the crime, one whose money or property has been embezzled, or fraudulently procured, may contract with such wrongdoer for re-payment or satisfaction of the loss, and take security therefor, without invalidating such contract, unless there be included therein and as part consideration therefor some promise or agreement, express or implied, that such prosecution shall be suppressed, stifled or stayed. 9 Cyc. 506, and notes, citing cases; *Johnston* v. *Allen* (Fla.) 1 Am. St. Rep. 180; *Portner* v. *Kirschner*, 47 Am. St. Rep. 925; 1 Page on Cont., sec. 418; *Tecumseh National Bank* v. *Chamberlain Banking House*, (Neb.) 57 L. R. A. 811; *Fosdick* v. *Vanarsdale*, (Mich.) 41 N. W. 931.

On the other hand it is equally well settled, that if such an unlawful promise or agreement constitutes any part of the consideration for the promise or agreement of the wrongdoer or his sureties, the contract is wholly void and will not be enforced by the courts. All such contracts are deemed contrary to good morals and public policy, and as to which the courts will turn a deaf ear, when their enforcement is sought therein. And this rule of law as between the parties thereto is applicable to the making and enforcement of negotiable instruments. 1 Daniel on Neg. Inst., (6th ed.) section 196a and notes; 3 R. C. L. p. 957; Norton on Bills and Notes, 268, 277, 278; *Henderson* v. *Palmer*, 22 Am. Rep. 119; *Friend* v. *Miller*, 39 Am. St. Rep. 340; 1 Chit. Com. L. 4; 4 Am. & Eng. Ency. Law, 191.

The evidence is clear and convincing that as between Roberts, the offender, and maker of the note, and the board of education, and the sheriff, the nominal payee in the note, not

a word of communication was had.  No promise or agreement, written or verbal, was made between them, directly at least, in regard to the pending prosecution, or what was to become of it, on execution and endorsement of the note.  The prosecuting attorney in charge of the prosecution and representing the board of education, admits a conversation with the members of the board who were together conferring on the subject on the day the note was executed and endorsed, in which they indicated to him that so far as they were concerned, if Roberts would secure them by a note with good security, they would not insist on his being prosecuted.  This conference and communication, however, was wholly private, and between the board and prosecutor, and was not communicated in any way, so far as the record shows, to maker or endorsers of the note, and the prosecuting attorney swears positively that he at no time made promises to Roberts or his endorsers that Roberts would not be prosecuted.  He said on cross-examination that his recollection was that Roberts wanted to pay the board the money he admitted he had taken, and wanted these defendants as his friends to endorse the note as an accommodation to him, and he was satisfied that no promise not to prosecute Roberts was made to maker or endorsers, or either of them, as part consideration for the execution of the note by them.  Plaintiffs in error, Angel, Toney, and Kaufman, the only defendants who gave testimony on the trial, do not swear that any promises not to prosecute Roberts were made to them; and all they did say on the subject was that they endorsed the note to keep Roberts out of jail. Neither of them swore that the prosecuting attorney, or the board of education, or the sheriff who was not present, made any promise not to prosecute Roberts.  It is conceded, however, that immediately after the note was made and endorsed Roberts was released from custody, and contrary to his representations that he proposed to go to work and pay the note to the relief and discharge of his sureties, he left the State the same night by a freight train, and never returned.  This fact is referred to by plaintiff's counsel as corroborative of the fact that no promise not to prosecute him was made as part consideration for the note.  Certainly there is no evidence of an express promise.  That is expressly and positively

denied. True such a promise and agreement may be inferred from the facts relating to the transaction; but such inference is one of fact for the jury, and not of law for the court, and as their verdict was for plaintiff, we must assume that they decided the issue in favor of plaintiff, and the validity of the note.

We have examined the instructions relied on by defendants and rejected by the court. We think the court's instruction, given, covered the whole case presented by pleadings and proofs, and that there was no reversible error in rejecting defendants' instructions.

Nor do we find any error based on the theory that plaintiff had no right of action on the note. The note was admittedly made to cover money fraudulently drawn out of the treasury of the board of education, and while credit might possibly have been denied the sheriff on settlement, evidently such was not the fact, for the board of education counselled with the prosecuting attorney, and consented to the taking of the note, dealt with it as their own, and brought suit upon it. The sheriff took no part in the transaction except to receive the note as treasurer. The point is overruled.

We are of opinion to affirm the judgment.

*Affirmed.*