## The Oconto National Bank, Appellant, v. Franklin Weber and Emma Selby, Appellees.

### Gen. No. 7,550.

1. CONTRACTS—*invalidity of agreements obtained through the use of criminal process.* The use of criminal process as a means of collecting private indebtedness is illegal, and contracts so obtained are unenforceable on the ground of public policy.

2. CONTRACTS—*surrender of void note as consideration for new instrument.* The surrender of a void note is no consideration for a new note between the same parties.

3. CONTRACTS—*validity of note given in settlement of civil liability created by criminal act.* A note given by near relatives of one arrested on a charge of embezzlement, to the party making the charge and for the amount of the alleged embezzlement, in consideration of the transfer to the makers of property of the accused, is not void as having been given to compound a felony, although the accused was released after the giving of the note and never prosecuted, where the parties involved were adults of experience, acting without haste or compulsion and after having the advice of counsel, and there was no agreement that the abandonment of the criminal charge was part of the consideration for the note.

Appeal by plaintiff from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed April 3, 1926.

LLOYD PAINTER, for appellant.

GEORGE F. BELL and BUTTERS & BUTTERS, for appellees.

MR. JUSTICE JETT delivered the opinion of the court.

During the summer of 1920 John H. Hazler was living in Oconto, Wisconsin, engaged in promoting in that city a corporation known as the Montana Tractor Company. On October 20 of that year he presented to appellant a check for $2,300 signed by himself and Caroline Hazler and drawn on Moon's Bank of Leonore, Illinois, payable to the order of appellant and the amount thereof was paid to Hazler by appellant upon his representation that he had this amount of money in the bank upon which it was drawn. This check went to protest as there were no funds in the Moon bank to the credit of either of the drawers.

On December 20, 1920, the cashier of appellant procured in Oconto a warrant for the arrest of Hazler and early in January, 1921, two of its directors (one an attorney) came to Streator, consulted with the Assistant State's Attorney and Hazler was arrested.

Appellee, Emma Selby, is a sister of Hazler, and appellee, Franklin Weber, is the husband of another sister. Hazler, when arrested, called appellees and also an attorney who, at Hazler's request, communicated with his mother and thereupon the following day appellees and the mother of Hazler came to the hotel in Streator where the representatives of appellant were staying and in reply to their inquiry whether the matter could not be straightened up were told by the directors and representatives of appellant that appellant did not desire to prosecute Hazler but all it wanted was its money. Appellees expressed their willingness to repay appellant in full but were unable to secure the cash and it was finally agreed that appellant would accept a note of appellees and thereupon a note for the full amount due appellant was executed by appellees at the office of the attorney with whom Hazler first communicated. This note became due in July, 1921, but at the request of appellees, who paid appellant the interest thereon, it was surrendered and a new note executed. This renewal note became due in October, 1921, and subsequently two more payments of interest were made by appellees and on January 22, 1922, they executed another note to replace the one executed in the previous July. This last note not having been paid, judgment was confessed thereon in September, 1923, which, upon motion, was opened up and appellees pleaded the general issue and gave the following notice:

"The plaintiff will hereby take notice that upon the trial of said cause the defendants will prove and show that the alleged note declared upon in the plaintiff's declaration is the only cause of action upon which said suit was brought; that said alleged note was signed by these defendants and came into the hands of the plaintiff without any good or valuable consideration whatever, and that there was and is no consideration for the giving of said alleged note.

"That said alleged note was procured to be signed by these defendants by means of fraud and moral duress, and was given in no other manner and for no other purpose.

"That one John H. Hazler was a brother-in-law of this defendant, Franklin H. Weber, and that said Hazler was placed under arrest and held in custody by the agents of the plaintiff upon a false and malicious charge of embezzlement, or for the alleged giving of a fraudulent check which was thereafter dishonored, and that said Hazler was not then indebted to said plaintiff; that while so deprived of his liberty these defendants were advised that said Hazler would be kept in custody until he gave a note signed by these defendants, and that if such a note was given, he, the said Hazler, would be discharged and set at liberty; that these defendants were so grieved and distressed by the arrest and keeping said Hazler in custody as aforesaid, and believing that his release could only be obtained by the giving of said note, they, through fear and by means of so being under duress as aforesaid, signed said note. That said Hazler, upon said note being given, was discharged and never re-arrested or tried upon said charge.

"That said note was given for such purpose and no other."

Issue was joined and a trial had before the court without the intervention of a jury, and the judgment theretofore rendered in favor of appellant was vacated and set aside and a judgment entered in bar of the action and in favor of appellees for costs, from which judgment an appeal has been perfected to this court.

In addition to the foregoing facts the attorney, who was called by Hazler immediately after his arrest, testified that at the time the original note of appellees was executed in his office in January, 1921, Hazler conveyed to his two sisters his undivided interest in certain land in Iowa which he had inherited from his

father. Appellees sought to deny that such a deed was executed but we are satisfied from a reading of the record that such a conveyance was made by Hazler for the purpose of securing appellees in executing the original note given appellant. Both appellees testified that no consideration passed from appellant to them at the time the original note was executed and that they executed it solely to get Hazler out of jail and they contend that inasmuch as Hazler was thereafter immediately released from custody and not prosecuted that the only consideration was compounding a criminal offense and their contract was void as against public policy. Appellant admits that a note given solely to avoid a criminal prosecution is without a valid consideration, contrary to public policy and void, but insists that in this case the amount of the indebtedness of Hazler to appellant was not in dispute but was conceded; that Hazler desiring to pay appellant the amount justly due it conveyed his property to appellees and they in turn executed the original note, the consideration therefor being the conveyance to them by Hazler of his undivided interest in his Iowa land which he inherited from his father; that no agreement was made by anyone not to prosecute the criminal charge against Hazler but appellant was free to withdraw its complaint against him if it so desired and his discharge from jail was a mere incident.

The use of criminal process as a means of collecting private indebtedness is illegal and contracts so obtained are contrary to public policy and unenforceable. *Shenk v. Phelps,* 6 Ill. App. 612. All the authorities hold that an agreement to compound a felony will not be enforced and that any security based upon such consideration is void. 3 R. C. L. 957. And if the original note or security is void, its surrender could be no consideration for a new note between the same parties. 3 R. C. L. 964-65. But it is not illegal merely to compromise the civil injuries resulting from a criminal

act where it is not expressly or impliedly agreed that the prosecution for the crime is to be prevented or suppressed and a note given in consideration of moneys embezzled is valid and enforceable, there being no agreement to conceal or suppress a prosecution for the offense. 3 R. C. L. 958. The true rule seems to be that notwithstanding the pendency of criminal proceedings against a wrongdoer one whose money or property has been fraudulently obtained may contract for repayment of the money or satisfaction for the loss sustained and take security therefor, without invalidating the contract, unless there be included therein, as a part of the consideration therefor, some promise or agreement, express or implied, that such prosecution shall be suppressed, stifled or stayed. *Northfork Board of Education v. Angel,* 75 W. Va. 747, 84 S. E. 747, L. R. A. 1915 E. 139.

In *Ford v. Cratty,* 52 Ill. 313, the defendant Ford had embezzled a considerable sum of money from plaintiff's intestate, Frederick Furch, who procured a warrant for his arrest and this warrant was shown to Ford and he was informed that he must settle or secure the amount due or the prosecution would be pushed to a conclusion. Ford, thereupon, with the other defendants, executed the note sued upon. In affirming the judgment of the lower court in favor of the plaintiff and after quoting the statute the Supreme Court said: "This last section authorizes the injured party to reclaim his property or receive compensation for the wrong done to him. * * * In this case, Furch did no more than receive that compensation when he obtained the note. There is no pretense that Ford had not collected the money and still owed it to him. He had a right to receive the note, and whatever may be said of the means employed in obtaining it, we cannot hold that it was received to compound a criminal offense. * * * Here the note was given, not as a reward for not prosecuting but for a debt due from

Ford to Furch, and that being the only and true consideration, it is not like a note given simply to prevent the prosecution for a misdemeanor or felony.''

In *Rudolph Stecher Brewing Co. v. Carr,* 194 Ill. App. 32, Frank Sarafin had purchased beer of the brewing company and in payment therefor had executed and delivered to them two checks aggregating $502.32. These checks had been sent to an attorney for collection and he had determined from the facts stated to him that Sarafin had been guilty of the crime of confidence game in giving such checks and after consulting with the State's Attorney a complaint was filed and Sarafin arrested. At the hearing he waived examination and was bound over on his own recognizance to the grand jury and gave to the brewing company a check for $502.32, which was indorsed by Carr. The check not having been paid, suit was instituted against Carr. The trial court held that the check was given for the compounding of the crime of confidence game and therefore void. In reversing this judgment the Appellate Court, after commenting upon the fact that the evidence tended to show that the brewing company, by its agent, consented in consideration of the check being given, that Sarafin could go on his own recognizance, said: ''even if Levy (the agent of the brewing company) did consent that he might go upon his own recognizance and did not agree that Sarafin would not be prosecuted further, this would not be sufficient to defeat this action, for the mere consenting for the defendant to go upon his own recognizance would not be the compounding of a crime. We think it is quite clear from this evidence that the check in question was not given as a reward for not prosecuting, but was rather in payment of the debt, and that if consent was given that he might go upon his own recognizance it was a mere incident and would not of itself be sufficient to warrant a court in saying that it was compounding a crime.''

In *Goacher v. Bates,* 280 Ill. 372, the complainants filed their bill to set aside deeds whereby they had conveyed certain real estate to defendants. The evidence disclosed that Goacher had swindled the defendant Bates, who was a banker, out of a considerable sum of money and Bates had employed the State's Attorney to assist him in collecting it and they had gone to the home of the father and mother of Goacher, informed them of the amount of the indebtedness of their son at the bank and stated to them that the son had procured such sum by means of false pretenses and in a later conversation Bates stated that he would rather prosecute the son criminally and send him to the penitentiary than to go ahead with a proposed settlement. However, the matter was settled and the conveyances made which were sought to be set aside and as part of the settlement Bates signed an agreement not to prosecute the son on a criminal charge. In affirming the decree of the chancellor who held that the conveyances to Bates were valid the court at page 383 said: ''While it is true that Bates made various threats during the progress of these negotiations and up to the time of settlement, the negotiations consumed several days and the Goachers were all adults and had ample opportunity for consultation and reflection. Lennie (the son) and his brother, at their father's suggestion, consulted an attorney, and he informed them no crime had been committed and that Lennie was in no danger of criminal prosecution. After receiving the benefit of this advice the Goachers continued their efforts to secure a settlement and made numerous propositions of settlement to Bates until finally he agreed to settle the matter upon the conveyance of the real estate.   *   *   * We are of the opinion that there was no such fraud or duress used as would affect the transaction. The plaintiffs in error were all adults, of sound mind, consulted together among themselves and with their friends and legal adviser and insisted upon making the settlement

which they are now seeking to have set aside." So in the instant case appellees are intelligent adults. They sought and obtained the advice of counsel. They saw fit, however, to ignore this advice and acted upon their own volition. The representatives of appellant did not seek them but they, at the request of their relatives, sought them. They did not act hastily but had ample opportunity for mature deliberation and the acceptance by appellant of the note of appellees in satisfaction of the debt due it from Hazler is sufficient consideration to bind appellees. *Harris v. Harris*, 180 Ill. 157; *Commercial State Bank of Forreston v. Folkerts*, 200 Ill. App. 385.

The several propositions of law marked "held" by the trial court were so held upon the theory that the consideration for the note sued upon was an agreement by appellant not to prosecute Hazler, and that the note was obtained by duress.

In view of the facts as disclosed by this record and the law arising therefrom there was neither duress nor want of consideration. The transaction was the calm and deliberate act of appellees, and the defense here sought to be interposed was for the sole purpose of defeating a debt which had been believed by all for a long time to be bona fide and honestly due.

The judgment of the circuit court of LaSalle county is reversed and the cause remanded.

*Reversed and remanded.*