Charles C. Henderson, Appellee, v. Louis J. Victor and Mary Caro, Appellants.

Gen. No. 36,312.

Heard in the first division of this court for the first district at the October term, 1932. Opinion filed December 29, 1932.

Lee D. Mathias, for appellants.

Cecil C. Erickson, for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

Defendants appeal from a decree in which the chancellor found that complainant was entitled to possession of a certain note for $4,000, the trust deed securing it, a title insurance policy and a fire insurance policy, and enjoined defendants from disposing of them.

The title to the instruments is the controverted point. Complainant owned and had possession of them in June, 1931; subsequently they came into possession of the defendants. Complainant asserts that defendants did not take the papers in good faith but in fact took them as consideration for compounding a felony.

June 18, 1931, R. R. Cavello approached complainant, saying that he had a purchaser for these mortgage papers, and complainant delivered them to him with an agreement that if not sold within 10 days they should be returned to complainant.

Some months prior to this, Mary Caro, defendant, had given Cavello $2,120 with which he was to pay off a mortgage on property owned by her. He did not do this but appropriated the money to his own use, and she had instituted criminal proceedings against him. Upon receiving the papers in question from complainant, Cavello called upon Louis J. Victor, the attorney for Mary Caro, and told him that he owed Mrs. Caro $2,120 for money she had given him for the purpose of paying off a mortgage on her home, but which he failed to do. Cavello offered to give his note for this amount, and as collateral security would deposit with them a $4,000 mortgage note with accompanying documents; these were the note and papers he had received from

complainant. This proposition was accepted and executed, Mr. Victor representing Mrs. Caro as her attorney. Neither of them knew that the documents they had received as collateral belonged to complainant. At this time the indictment charging Cavello with embezzlement of the money of Mary Caro was still pending. Mr. Victor signed and gave him a receipt which recited that the collateral was to be held by Mrs. Caro until Cavello had paid the mortgage on her home and the same had been released, and that ''The collateral deposited as security to said note to be returned upon the payment of the balance, and provided further that the said Mary Caro shall not prosecute the said Rocco Cavello in the case now pending in the Criminal court of Cook county, Illinois.''

In July Cavello told complainant that he was going to sell the note and papers to a Mr. Victor, and an appointment was made for complainant and Cavello to see Victor the next morning. Cavello failing to appear, complainant called on Mr. Victor and the entire circumstances were then exposed. Complainant claimed that the papers belonged to him; Mr. Victor asserted that he was holding the papers on behalf of his client, Mary Caro, and that they were taken by her in good faith.

Mr. Victor testified that when Cavello offered to compromise Mrs. Caro's claim he told him that he did not wish to sign the receipt as Cavello might say that he, Victor, was compounding a felony; that he wanted it distinctly understood that he was not doing anything of the sort; that he would ask the State's attorney's consent to strike off the case, and that otherwise he would not do anything about the prosecution; that what he meant by the receipt was that if the State's attorney would inform the judge that a restitution had been made, he would not stand in the way of the case being stricken off.

Notwithstanding this explanation by Mr. Victor, the chancellor was amply justified in holding that the agreement not to prosecute Cavello was part of the consideration for the delivery of the papers. Cavello was a lawyer, as was Mr. Victor. They both must have understood the clear provision of the receipt that one of the conditions of the compromise was that the prosecution of the criminal charge should be ended.

The rule is, that while it is not illegal merely to compromise civil injuries resulting from a criminal act, yet where there is included in the compromise some promise or agreement, express or implied, that the prosecution of the criminal case shall be suppressed, the agreement to compromise is illegal and contrary to public policy. *Oconto Nat. Bank v. Weber,* 240 Ill. App. 222, and cases there cited. In the case of *Tramblay v. Hyde Park State Bank,* 336 Ill. 80, it was held " if the owner of the property makes an agreement not to prosecute the criminal if restitution is made that makes the agreement unlawful, and a paper executed, whether a deed or note, under such agreement is not enforcible," citing cases. We also so held in *Toplis & Harding, Inc. v. Kempf,* 265 Ill. App. 602 (Abst.), filed in this court February 29, 1932, where some of the cases are analyzed. In *Ford v. Cratty,* 52 Ill. 313, the chief case cited by defendants, it does not appear from the opinion that there was any promise made not to prosecute the defendant as part of the consideration for the note given by him. The reviewing court was considering the refusal of the trial court to permit a witness to testify that Ford would not have given the note had he not been threatened with the criminal prosecution. It was held that this testimony was immaterial as the evidence showed the note was given, not as a reward for not prosecuting, but in payment of a debt due, and "that . . . it is not like a note given simply to prevent the prosecution for a misdemeanor

or felony. That would be a different question.'' Other cases cited by defendants can be distinguished.

Under the circumstances of the instant case there can be little if any doubt that Cavello gave the defendants the note and trust deed, with the other papers, in consideration that he would not be prosecuted. It amounted to compounding a felony. Therefore the entire transaction is void.

The chancellor rightly found that complainant was entitled to the documents, and the decree is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.