The Illinois National Casualty Company, Appellant, v. Frances H. Lemmon et al., Appellees.

Gen. No. 37,940.

Opinion filed November 20, 1935.

SHEARER, O'MALLEY & SEARS and BEVERLY & KLASKIN, all of Chicago, for appellant; BARNABAS F. SEARS and SAMUEL T. KLASKIN, of counsel.

No appearance for appellees.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment of the superior court in favor of the defendant Frances H. Lemmon, the surety, in an assumpsit suit brought by the plaintiff.

In 1930 one Ray N. Lemmon, a son of the defendant, was in the employ of the plaintiff selling insurance and collecting therefor and, upon an accounting, it

was found that there was due the plaintiff from the said Ray N. Lemmon the sum of $2,401.09. Thereafter negotiations proceeded between the plaintiff and the defendant Ray N. Lemmon, the result of which was the giving of a bond securing the payment of said amount with the defendant Frances H. Lemmon, as surety. Said agreement contained a recital that the said Ray N. Lemmon was at that time indebted to the United States Underwriters Company in the sum of $2,401.09, and that in consideration of retaining in force by the United States Underwriters Company of all policies of insurance procured by the said Ray N. Lemmon, upon which no premiums had been received by the company; it was further provided in and by said contract that from December 15, 1930, up to and including December 14, 1931, the said Ray N. Lemmon should receive $30 per week in advance as against commissions and that the said Ray N. Lemmon should turn over all moneys that he collected from persons insured on policies of insurance obtained by him daily, from day to day, and that the failure of the said Ray N. Lemmon to make the daily remittances would be considered an actual conversion of the moneys of the said United States Underwriters Company.

It further appears that the said Ray N. Lemmon failed and neglected and refused to pay over to the United States Underwriters Company all the moneys so collected by him as insurance premiums and which the said Ray N. Lemmon had collected for and on behalf of the plaintiff in excess of $3,000.

To this declaration was filed an unverified plea of the general issue and a second plea which was for want of consideration, and that the taking of said bond constituted the compounding of a felony by the plaintiff.

When the case was reached for trial a jury was waived.

We are not aided in our consideration of this cause by the appearance or briefs of defendants.

The contention of the plaintiff is that it is a valid contract and that it should be permitted to recover on it. Defendant claimed in the court below that the making of the contract was done to avoid criminal prosecution and thereby compounding a felony. Nothing in the contents of the bond by its terms would indicate this was done, nor does it appear that it was signed by the surety with this purpose in mind. The court apparently held that the giving of such a bond was against the public policy of the State and was, therefore, void and no recovery could be had thereon. Chapter 38, par. 112, of the Criminal Code, Cahill's Ill. Rev. Stat. 1933, provides:

"Whoever takes money, goods, chattels, lands or other reward, or promise thereof, to compound any criminal offense, shall be fined in double the sum or value of the thing agreed for or taken; but no person shall be debarred from taking his goods or property from the thief or felon, or receiving compensation for the private injury occasioned by the commission of any such criminal offense."

In *Oconto Nat. Bank v. Weber,* 240 Ill. App. 222, at page 226, the court says: "But it is not illegal merely to compromise the civil injuries resulting from a criminal act where it is not expressly or impliedly agreed that the prosecution for the crime is to be prevented or suppressed and a note given in consideration of moneys embezzled is valid and enforceable, there being no agreement to conceal or suppress a prosecution for the offense. 3 R. C. L. 958. The true rule seems to be that notwithstanding the pendency of criminal proceedings against a wrongdoer one whose money or property has been fraudulently obtained may contract for repayment of the money or satisfaction for the loss sustained and take security therefor, without in-

472

validating the contract, unless there be included therein, as a part of the consideration therefor, some promise or agreement, express or implied, that such prosecution shall be suppressed, stifled or stayed.''

In the instant case no legal proceedings were pending, nor does the record disclose that any were contemplated. As previously stated we are not favored with a statement of the position of the defendants except as we may glean from a perusal of the abstract filed by plaintiff.

Inasmuch as this cause must be tried again we refrain from making comment upon the evidence. As to the decision of the court, which seems to be based upon the validity of the bond or agreement, the judgment is reversed and the cause is remanded for a new trial in accordance with the views herein expressed.

*Judgment reversed and cause remanded.*

HALL, P. J., and HEBEL, J., concur.