Henry W. Austin, Treasurer of the Village of Oak Park, Appellee, v. James M. Feron et al., Defendants. Appeal of Michael J. Feron and Josephine Regenia Feron, Appellants.

Gen. No. 39,221.

Opinion filed March 30, 1937.   Rehearing denied April 13, 1937.

JAMES K. MILLER and MCKINNEY, FOLONIE & GREAR, all of Chicago, for appellants; GEORGE H. GREAR, of counsel.

H. L. FEARING, of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

Henry W. Austin, treasurer of the village of Oak Park, Illinois, brought suit on a promissory note made by James M. Feron, Mary A. Feron, Michael J. Feron and Josephine R. Feron.  Judgment by default was taken against James M. Feron and Mary A. Feron and the cause was continued as to the other defendants, who subsequently had a trial by jury resulting in a directed verdict and judgment in favor of plaintiff for $13,157.02, from which Michael J. Feron and Josephine Feron have appealed.

The declaration contained three counts, the first upon the promissory note, dated March 10, 1931, in the principal sum of $10,408, the second consisting of the common counts, and the third for an account stated.  Attached to the declaration was the affidavit of plaintiff's counsel stating that the demand was for

money due on a promissory note which was attached to the declaration.

Michael J. Feron and Josephine R. Feron filed three pleas, one of the general issue, a special plea alleging no consideration for the note, and an affirmative plea that the consideration for the note was that the village of Oak Park, through its public officers, had caused an indictment to be returned in the criminal court of Cook county against James M. Feron, charging him with the crime of embezzlement, and that upon his promise to make restitution, partly in cash and the balance in the form of a note signed by his wife and the other defendants as co-makers, the village of Oak Park by its officers agreed to cause the felony charge against Feron to be dismissed and to allow him to plead guilty to petit larceny, and that the promissory note was therefore based on an illegal consideration and was wholly void. Accompanying these pleas was an affidavit of merits executed by each of the defendants, setting forth in detail the alleged agreement with the village of Oak Park for the dismissal of the felony charge and the probation of James M. Feron after a plea of guilty to the charge of petit larceny.

Plaintiff filed a similiter to the plea of the general issue, and two special replications to the special pleas. The first special replication took issue on the special plea of the defendants which alleged no consideration, and averred that there was a good and valuable consideration for the note. The second special replication to defendants' third plea set up new matter, averring that upon an accounting and agreement between James M. Feron and plaintiff there was found to be due plaintiff the sum of $10,408, that the debtor requested an extension of the time for payment and agreed that in consideration thereof he would procure satisfactory parties who would become comakers upon the note, and that thereafter the consideration for the note was

the granting of an extension in the time of payment of the amount then due. This special replication was accompanied by an affidavit of Robert E. Cantwell, Jr., attorney for the village of Oak Park, in which he stated that he had full charge of the settlement between the village and James M. Feron, who had been a police magistrate of the village, and that the note was given for a balance of $10,408 owing by Feron to the village for fines and recoveries for violation of ordinances collected by him as police magistrate; that on an accounting Feron agreed that he owed $15,408, and thereupon paid in cash the sum of $5,000 and requested an extension of time for payment of the balance, and that by agreement between him and the village officers the balance of $10,408 was to be represented by a promissory note signed by himself and responsible comakers; that no agreement concerning the dismissal of any charge or indictment against James M. Feron in consideration of the giving of the note ever came to his knowledge.

Upon trial plaintiff introduced no evidence except the promissory note in question. Defendants introduced in evidence a certified copy of the indictment against James M. Feron, on the charge of embezzlement, and a transcript of the record of proceedings in the criminal court of Cook county March 4, 1931, and subsequent days up to and including the order showing that the felony charge in the indictment was waived, the withdrawal of the plea of not guilty by Feron, his plea of guilty to the charge of petit larceny and its acceptance by the court, and the order on March 19, 1931, admitting defendant to probation.

Reversal of the judgment is sought upon the ground that the note was void because it was given in consideration for an agreement to compound a felony. This contention is based upon the proceedings had before the Honorable John Prystalski of the criminal

court and discussions that ensued before the court in the presence of two attorneys representing the State, Robert E. Cantwell, Jr., for the village of Oak Park, Michael L. Carmody, attorney for James M. Feron, and the president and members of the board of trustees of the village of Oak Park.

The criminal court record and the stenographic record of proceedings had, show that when the case was called for trial on November 5, 1930, the State's attorney, with the consent of the court, waived the charges of felony, the defendant pleaded guilty to a misdemeanor, and the State's attorney made an agreed statement in open court in lieu of evidence to support the plea. The cause was then continued to March 19, 1931, pending an application for probation of the defendant. $5,000 was paid to the village on March 6, 1931, and the note in question was made March 10, 1931. March 19, 1931, Feron was placed on probation, and the proceedings in the criminal court were terminated.

Upon the trial of this cause defendants produced as witnesses for the defense Thomas J. Johnson, who represented the state in the hearing in the criminal court; Thomas J. Graham, a friend of James M. Feron, who acted as chairman of a committee to raise the $5,000 paid as part of Feron's shortage; Josephine R. Feron, and Michael J. Feron, defendants, who testified in substance that they never had any business transactions with, and were not indebted to, the village of Oak Park, and there was also introduced in evidence a stenographic record of the proceedings had in the criminal court, including the discussion in Judge Prystalski's chambers between the interested parties and the court, as well as proceedings had in open court resulting in the waiver of the felony, the plea of guilty to a charge of misdemeanor, the agreed statement of facts to support the charges, and the order continuing the cause pending the application for probation.

Feron was admittedly short in his accounts, and owed the village $15,408. He was evidently desirous of making restitution by paying part of the shortage in cash and giving the village a note, with responsible comakers, for the balance. When the matter came up for trial the parties met in the court's chambers and discussed the terms upon which restitution should be made. By common agreement, and with the consent of the State's attorney and court, the felony was waived and the state proved its charges of a misdemeanor, by an agreed statement of facts in lieu of evidence. Defendants argue that the proposal for restitution was initiated by Robert E. Cantwell, Jr., village attorney, and that the village agreed to waive the felony and interpose no objection to probation, upon condition that Feron would pay $5,000 in cash and procure the note with responsible comakers for the balance. It is urged that this constituted the compounding of a felony or misdemeanor as a consideration for the note, and cases are cited to support the contention that such a consideration is illegal and the note void. Sec. 43, ¶ 112, ch. 38, Illinois State Bar Stats. 1935; Jones Ill. Stats. Ann. 37.098, is relied upon as the basis for this contention. The section reads as follows:

"Whoever takes money, goods, chattels, lands or other reward, or promise thereof, to compound any criminal offense, shall be fined in double the sum or value of the thing agreed for or taken; but no person shall be debarred from taking his goods or property from the thief or felon, or receiving compensation for the private injury occasioned by the commission of any such criminal offense."

The statute thus provides that a reward may not be taken to compound a felony, but there is nothing in the statute to preclude the person whose goods or property have been taken, from receiving compensation for the "private injury occasioned by the commis-

sion of any such criminal offense.'' The president and board of trustees of the village are charged with control of its finances and property (Cities and Villages Act, ch. 24, art. 5, ¶ 65, sec. 1, Illinois State Bar Stats. 1935; Jones Ill. Stats. Ann. 21.065). Under this statute it was their duty to collect all obligations owing to the municipality of which they were trustees, and they were in duty bound to collect from Feron the full amount of his shortage.

Plaintiff concedes that a reward cannot legally be taken from a criminal under sec. 43 of the Criminal Code, hereinbefore cited, and if so taken it can be recovered, or if a promise is given instead of payment, the promise is void. The victim of the embezzlement or theft may not suppress the evidence, stifle or stay the prosecution. He may, however, receive what is due him, and if he divulges all the facts pertaining to the crime to the officers of the law, stands ready to testify even though he may be willing that the guilty party should go unpunished, and does not conceal evidence or suppress or stifle the prosecution by any direct means or deceive the court and the law-enforcing officers, he cannot be held to have compounded a felony within the decisions of this and other States.

In the early case of *Ford v. Cratty,* 52 Ill. 313, Ford, an attorney, used money which he had collected from his client, Furch. A warrant was taken out for the arrest of Ford. The warrant was shown Ford, and he was told that he would be prosecuted if he did not ''settle or secure'' the claim. Ford thereupon gave the note in controversy to secure the claim, and no prosecution followed. When suit was instituted on the note Ford contended that it was given to compound a criminal offense. The court cited the statute in question, and commented thereon, as follows (pp. 315, 316):

"A number of authorities have been referred to, to establish the position that a note given to compound a criminal prosecution is illegal and void. The rule is well settled that such a note is illegal, but here the note was given, not as a reward for not prosecuting, but for a debt due from Ford to Furch, and that being the only and true consideration, it is not like a note given simply to prevent the prosecution for a misdemeanor or felony. That would be a different question; . . ."

In *Tramblay v. Hyde Park State Bank,* 336 Ill. 80, cited by plaintiff, security was given by Mrs. Tramblay, defendant's wife, under circumstances showing that Mr. Tramblay was desperately involved in embezzlement of money from the bank. The court stated the rule applicable to the circumstances as follows (p. 90):

"It is certainly not an agreement to stifle criminal prosecution for one party to make restitution, actuated partly or entirely by the hope that the other party will refrain from prosecution, nor for the other party to accept restitution intending upon receiving it not to prosecute. Probably no guilty person ever so acted without such hope, and no injured person, unless especially severe, ever received amends without more or less willingness to show mercy. *But there are no elements of an agreement in such cases.* There is no meeting of the minds. What is agreed upon is a perfectly lawful transaction—the payment, without suit, of what a court of equity without reference to criminal prosecution would order to be paid. *Failure to prosecute must be one of the things upon which the transaction is mutually based."* (Italics ours.)

In the instant proceeding there was certainly no intention on the part of the trustees not to prosecute, for they did in fact prosecute the misdemeanor charge and defendant was convicted. It is true they showed a

willingness to have the felony charges waived, if agreeable to the court and State's attorney, but this did not amount to the compounding of a felony nor the suppression of evidence or the stifling of prosecution.

In *Board of Education v. Angel*, 75 W. Va. 747, 84 S. E. 747, the defendants signed a note as indorsers and interposed the plea that it was signed for an illegal consideration, namely, to suppress a criminal prosecution of a felony against F. T. Roberts, the maker. In holding that the plea was not sustained by the proofs, and that plaintiff was entitled to recover, the court, in discussing the question of what constitutes compounding a felony, said (p. 750):

"It is well settled law that, though criminal proceedings have been begun and be pending against the wrongdoer for the crime, one whose money or property has been embezzled, or fraudulently procured, may contract with such wrongdoer for re-payment or satisfaction of the loss, and take security therefor, without invalidating such contract, *unless* there be included therein and as part consideration therefor some promise or agreement, express or implied, that such prosecution shall be *suppressed, stifled or stayed.*" (Italics ours.)

In discussing the liability of the indorsers on the note, the court said (pp. 750, 751):

"The evidence is clear and convincing that as between Roberts, the offender, and maker of the note, and the board of education, and the sheriff, the nominal payee in the note, not a word of communication was had. No promise or agreement, written or verbal, was made between them, directly at least, in regard to the pending prosecution, or what was to become of it, on execution and endorsement of the note. The prosecuting attorney in charge of the prosecution, and representing the board of education, admits a conversation with the members of the board who were to-

gether conferring on the subject on the day the note was executed and endorsed, in which they indicated to him that so far as they were concerned, if Roberts would secure them by a note with good security, they would not insist on his being prosecuted. This conference and communication, however, was wholly private, and between the board and prosecutor, and was not communicated in any way, so far as the record shows, to maker or endorsers of the note, and the prosecuting attorney swears positively that he at no time made promises to Roberts or his endorsers that Roberts would not be prosecuted. . . . ''

Similarly, it may be said in the case at bar that neither Michael J. Feron, nor his wife, was induced to sign the note by anybody connected with the village. Feron procured the signatures of his comakers, and as between the village and the comakers there was certainly no promise made.

Defendants seek to interpret the proceedings had in the court's chambers as being an agreement on the part of the village not to prosecute if Feron would make restitution. No such interpretation can be placed on the discussions had. The village trustees were present, and Mr. Cantwell, speaking on their behalf, merely indicated that so far as they were concerned, if Feron would secure them by note with good security they would not insist on his being prosecuted on the felony charge. The court was the final arbiter of what should be done and it would of course be idle to argue that the court was a party to the compounding of a felony. Since the village trustees frankly disclosed all the facts to the court and received its sanction of the course pursued, they cannot be held to have been parties to any illegal act.

After a careful consideration of the facts and circumstances of the case, we find no evidence in the record to warrant the charge that the village of Oak

Park did anything improper or illegal whatsoever. The trustees were in duty bound to collect from Feron the full amount of his shortage, and they were justified in taking the position that if the State's attorney and court were willing to waive the felony that they would not insist on prosecuting Feron on the embezzlement charge. So far as the probation of Feron was concerned, that was wholly within the discretion of the court. The trustees interposed no objection to the motion, and were fully within their rights in taking that position. We are satisfied that the pleas interposed were not sustained by any competent evidence, and the court was fully warranted in directing a verdict in favor of plaintiff. The judgment is therefore affirmed.

*Affirmed.*

JOHN J. SULLIVAN, P. J., and SCANLAN, J., concur.